# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIV. A. NOS. 2:20-CV-00319-JRG (LEAD) 2:21-CV-00110-JRG |
| PNC BANK N.A., | § § | |
| Defendant. | § | |

## ORDER

Before the Court is third party Wells Fargo Bank, N.A.'s ("Wells Fargo") Unopposed Motion to Intervene (the "Motion to Intervene"). (Dkt. No. 150). For the reasons stated herein, the Motion to Intervene is **DENIED**, but leave is **GRANTED** for Wells Fargo to participate in the discovery disputes as a third party.

## I. BACKGROUND

Wells Fargo seeks to intervene under Fed. R. Civ. P. 24(a) or 24(b) to enforce the protective orders in two prior cases, *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-245 (E.D. Tex.) and *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366 (E.D. Tex.) (together, "*USAA v. Wells Fargo* Litigation"). Wells Fargo opposes certain discovery requests from Defendant PNC Bank N.A. ("PNC") to Plaintiff United Services Automobile Association ("USAA") in which PNC seeks confidential information from the *USAA v. Wells Fargo* Litigation, including expert materials. Wells Fargo, USAA, and PNC are direct competitors. Wells Fargo intends to file a motion for a protective order, and contends that intervention is appropriate because it cannot rely on either of its competitors to adequately protect its interests.

## II.  DISCUSSION

The Court agrees with Wells Fargo, as a general matter, that it is entitled to participate in motions practice in this case insofar as is necessary to protect its own interests. The Court disagrees, however, that intervention is an appropriate vehicle.

### A.  Intervention as of Right

Intervention as of right under Fed. R. Civ. P. 24(a)(2) requires: (1) a timely application; (2) an interest of the applicant relating to the property or transaction which is the subject of the action; (3) that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; (4) the existing parties to the suit could not adequately represent the applicant's interest. *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007). "There is no clear-cut test to determine the nature of the interest required for intervention of right. The inquiry is a flexible one which focuses on the particular facts and circumstances surrounding each application measured by a practical rather than technical yardstick." *Ouch v. Sharpless*, 237 F.R.D. 163, 165–66 (E.D. Tex. June 26, 2006); *U.S. v. Perry County Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978). The interest must be direct, substantial, and legally protectible. *Ouch*, 237 F.R.D. at 166.

Wells Fargo does not have an interest in the property or transactions that are the subjects of this action. This case is about USAA's and PNC's patents and the respective accused technology. Wells Fargo's interest is in its confidential information, which—though doubtlessly important—is collateral to the causes of action asserted in this case. Moreover, Rule 24 clearly contemplates that intervenors themselves would join or oppose a claim or defense. *See* Fed. R. Civ. P. 24(c) ("The motion must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought"). Wells Fargo has no interest in joining or opposing

USAA's or PNC's claims or defenses. The Court is not persuaded that Wells Fargo has an interest of the type contemplated by Fed. R. Civ. 24(a)(2).

### B. Permissive Intervention

Courts may permit intervention under Fed. R. Civ. P. 24(b)(1)(B) if the applicant "has a claim or defense that shares with the main action a common question of law or fact." Wells Fargo does not have either a claim or defense. Wells Fargo's rights under the *USAA v. Wells Fargo* Litigation protective order do not share a common question of law or fact with the patent infringement claims brought by USAA and PNC. Therefore, permissive intervention would not be proper.

### III. CONCLUSION

The vehicle of intervention is simply at odds with the relief that Wells Fargo seeks. Intervention is more appropriate where the applicant seeks to litigate the merits of the case, either joining with one party in opposition to the other or opposing the claims of both parties. Intervention would add Wells Fargo as a party to the case, which would (in theory) allow it to take discovery, permit it to file substantive motions, and generally accord to it the rights of litigants in a civil action. That is neither desired by the parties nor appropriate here. In contrast, it is uncontroversial to permit a third party to participate in discovery motions practice (with appropriate leave of Court) to protect its own confidentiality interests. The Court views this as preferable to intervention.

For these reasons, the Motion to Intervene is **DENIED**. However, leave is **GRANTED** for Wells Fargo to participate in discovery-related motions practice insofar as the same implicates the protective order from the *USAA v. Wells Fargo* Litigation. The Court **DIRECTS** that Wells Fargo to have its counsel file appearances in this case forthwith and such counsel are to be served with any motion practice filings where the information or data of Wells Fargo is at issue

It is therefore **ORDERED** that Wells Fargo has leave to file a motion for a protective order and to participate in related motions practice as a third party. It is further **ORDERED** that USAA and PNC serve on Wells Fargo all filings related thereto.

The Clerk of Court is directed to add Wells Fargo as a third party on CM/ECF. For the avoidance of doubt, this Order does not affect the case caption.

**So ORDERED and SIGNED this 27th day of July, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE