# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIV. A. NOS. 2:20-CV-00319-JRG (LEAD) 2:21-CV-00110-JRG |
| PNC BANK N.A., | § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is PNC's Motion to Dismiss USAA's First Amended Complaint for Failure to State a Claim under Rule 12(b)(6) (the "Motion"). (Dkt. No. 24). In the Motion, PNC asks the Court to dismiss USAA's First Amended Complaint as to the allegations of infringement of U.S. Patent Nos. 10,482,432 (the "'432 Patent"), 10,621,559 (the "'559 Patent"), 8,977,571 (the "'571 Patent"), and 8,699,779 (the "'779 Patent") (collectively, the "patents-in-suit"). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Motion is **DENIED**.

## I.    BACKGROUND

On September 30, 2020, United Services Automobile Association's ("USAA") filed this lawsuit against Defendant PNC Bank N.A. ("PNC") alleging infringement of the '432 Patent and '559 Patent. On December 2, 2020, USAA filed its First Amended Complaint (Dkt. Nos. 12, 18), which added allegations of infringement of the '571 Patent and '779 Patent. Shortly thereafter on December 18, 2020, PNC moved to dismiss USAA's allegations of infringement of the patents-in-suit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 24).

The patents-in-suit generally relate to mobile check deposit technology.  (Dkt. No. 18 ¶¶ 13–29).  USAA accuses certain PNC applications that enable customers to scan, upload, and deposit checks from their mobile devices as infringing the patents-in-suit.  (*Id.* ¶ 31).

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A Court can dismiss a complaint that fails to meet this standard.  Fed. R. Civ. P. 12(b)(6).  To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face.  *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court accepts well-pleaded facts as true, and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true.  *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted.  *Lormand v. US Unwired*, Inc., 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  The Court must limit its review "to the contents of the pleadings."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  However, the plaintiff is not required to prove its case at the pleading stage.  *Id.*  Assessing the sufficiency of pleadings is a context specific task; simpler technologies

may require less detailed pleadings, while more complex technologies may demand more.  *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

## III.    DISCUSSION

PNC moves to dismiss USAA's claims of direct and indirect infringement for the patents-in-suit.  (Dkt. No. 24 at 1).  Accordingly, the Court will first address PNC's arguments with respect to direct infringement followed by indirect infringement.

### A.    Direct Infringement

Although the parties focus much of their briefing on the '432 Patent, both parties also raise arguments specific to the remaining three patents.  The Court addresses the '432 Patent first followed by arguments related to the remaining patents not otherwise addressed in the discussion of the '432 Patent.

#### 1.    '432 Patent

PNC argues that USAA's claim of direct infringement under the '432 Patent must be dismissed because the '432 Patent contains a single independent system claim that requires both "a customer's mobile device" and "a bank computer," and because USAA does not allege that PNC makes, uses, offers to sell, or sells mobile devices, USAA's claims must fail.  (Dkt. No. 24 at 5–8).  PNC further asserts that because the system includes elements in possession of more than one actor (i.e., "a customer's mobile device" and "a bank computer"), there is a divided infringement problem.  (*Id.* at 5).  In support of its position, PNC argues that *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011) is dispositive.  (*Id.*).  PNC relies on *Centillion* to conclude that PNC cannot "make" or "use" the system because it is the customers who complete the system by providing the claimed mobile device.  (*Id.* at 5–8).  PNC further relies on *Centillion* to argue that its customers cannot "make" or "use" the system because USAA did not allege PNC's customers provide the claimed "bank computer."  As further support

for PNC's argument that its customers do not "make" or "use" the system, PNC argues that USAA did not allege that PNC's customers control or benefit from each claimed element, including "a bank computer." (*Id.* at 8–9). Therefore, according to PNC, USAA has not sufficiently pled that PNC or its customers "make" or "use" the claimed system.

USAA responds that during the pleading stage, "it is improper to assume that PNC's Mobile Deposit systems always include elements in the possession of more than one actor." (Dkt. No. 27 at 4). USAA argues, for example, that "PNC physically possesses all parts when its [sic] tests its systems." (*Id.*). USAA further argues that the Federal Circuit has explained three ways to directly infringe a system that includes elements in the physical possession of more than one party, each of which is an independent basis for infringement: (1) "using" the claimed system; (2) "making" the claimed system; or (3) vicarious liability for direct infringement. (*Id.* at 5–6) (citing *Centillion*, 631 F.3d at 1285, 1287–88). USAA argues that it has pled facts that PNC itself "makes" and "uses" the claimed invention and is vicariously liable for direct infringement. For example, USAA argues PNC "uses" all elements of the claimed invention because PNC and its software control each element during the use of the system. (*Id.* at 7). USAA also argues that PNC "makes" the system because its software combines the customer's mobile device with PNC's servers—making PNC the final assembler of the system. (*Id.* at 12). Finally, USAA contends that PNC is vicariously liable for its customers because it controls and directs their actions. (*Id.* at 14).

Having considered PNC's argument, the Court is not persuaded that USAA's allegations should be dismissed at this stage under Fed. R. Civ. P. 12(b)(6). PNC's arguments under *Centillion*—which arrived at the Federal Circuit after the district court granted summary judgment of noninfringement—involve issues of fact and law that are not ripe for ultimate resolution at the pleading stage. Rather, at this stage, all factual disputes must be resolved in favor of the plaintiff,

and the Court must take USAA's pleaded allegations as true.  The Court finds that USAA has put forth enough to state a plausible claim.  For example, in alleging "PNC, agents of PNC, and/or third parties acting under PNC's direction and control, have committed and continue to commit acts of direct infringement of one or more claims of the '432 Patent," USAA points to videos allegedly from PNC's website that demonstrate the operation of the PNC Mobile Deposit system. (Dkt. No. 18 ¶¶ 30–33, 51–55).  The Court finds that USAA's allegations, which rely in part on PNC's own videos, meets the requirements under Fed. R. Civ. P. 12(b)(6) to state a claim for direct infringement.

### 2.    Remaining Patents-In-Suit

PNC's arguments on direct infringement for the remaining patents-in-suit generally suffer from the same deficiencies but are briefly addressed in the briefing submitted.

With respect to the '559 Patent, PNC points out that the two independent claims require a "first processing circuitry."  (Dkt. No. 24 at 13).  PNC argues that because the "first processing circuitry" receives a digital image from the user's mobile device, the "first processing circuitry" must be distinct from the mobile device.  (*Id.*).  PNC argues that USAA's allegations improperly conflate the two claim elements.  (*Id.*).

USAA responds that its complaint did not simply identify a customer's mobile device of infringing the '559 Patent.  Instead, USAA argues, it identified the accused instrumentality as the "PNC Mobile Deposit," which the complaint defines as "PNC's mobile remote deposit capture systems, including but not limited to *PNC Mobile Deposit* and *PNC Deposit On-Site Mobile®* are referred to herein, along with any other infringing instrumentalities that include similar functionality."  (Dkt. No. 27 at 19) (citing Dkt. No. 18 ¶ 31).  USAA argues that it provided allegations explaining how the PNC Mobile Deposit system performs the steps recited in the claim

and provides screenshots as further evidence that the accused system practices the claims.  (*Id.*).
USAA also argues that PNC's arguments seek premature claim construction.  (*Id.* at 20).

The Court is not persuaded that it is appropriate to resolve the issues put forth by PNC at
the pleading stage.  PNC, in essence, is asking the court to construe the claims, and the Court is
unwilling to engage on claim construction arguments at this stage.  *Nalco Co. v. Chem-Mod,* LLC,
883 F.3d 1337, 1349 (Fed. Cir. 2018) ("But Defendants' arguments boil down to objections to
[Plaintiff's] proposed claim construction…a dispute not suitable for resolution on a motion to
dismiss."); *In re Bill of Lading Transmission and Processing Sys. Patent. Litig.*, 681 F.3d 1323,
1343 n.13 (Fed. Cir. 2012).  The Court finds that USAA has put forth sufficient allegations to
make its infringement claim against PNC's Mobile Deposit plausible and that USAA's complaint
provides PNC sufficient notice of the allegedly infringing conduct.  Nothing more is required at
this stage of the case.

With respect to the '571 Patent, PNC argues that USAA's allegations are conclusory
because "[t]hey consist of only two paragraphs that do little more than repeat [claim]
language…and show screen-shots relating to the accused product."  (Dkt. No. 24 at 18).  PNC cites
to this Court's decision in *Chapterhouse, LLC v. Shopify, Inc.*, 2018 WL 6981828 (E.D. Tex. Dec.
11, 2018) as support for the proposition that USAA's screenshots are insufficient.  (*Id.* at 18).

In response, USAA argues that the complaint need only place the alleged infringer on
notice of the activity accused of infringement.  (Dkt. No. 27 at 23) (citing *Lifetime Indus., Inc. v.
Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).  USAA asserts that its complaint meets this
requirement by identifying the accused product and including screenshots from PNC's marketing
videos to identify an example of a specific time during the check deposit process when certain
claim limitations are met.  (*Id.*).  USAA distinguishes *Chapterhouse* by arguing that unlike the

6

plaintiff in that case, USAA has identified the components of the accused system that meet the claim limitations of the patent and relies on screenshots to illustrate examples of when the infringement occurs.

The Court is not persuaded that USAA has failed to plausibly allege infringement of the patents-in-suit.  The Court, citing defendants' reliance on *Chapterhouse*, recently cautioned that motions to dismiss for failure to state a claim are a context-specific inquiry.  *Fractus, S.A. v. TCL Corp.*, 2021 WL 2483155, at *2–3 (E.D. Tex. June 2, 2021); *see also Disk Disease*, 888 F.3d at 1260.  In this context, although USAA could have provided more specificity, the Court does not conclude that USAA's allegations are so fatally flawed that PNC is deprived of fair notice of USAA's claims.  Here, USAA has identified the accused system (Dkt. No. 18 ¶¶ 31–33), alleged that PNC infringes one or more claims of the patents-in-suit (*Id.* ¶¶ 51, 63, 78, 88), and identified, along with screenshots, particular components of the accused system that allegedly infringe the patents in suit (*Id.* ¶¶ 52–55, 64–67, 79–80, 89–92).  Such is sufficient at this early phase to avoid dismissal.

With respect to the '779 Patent, the parties refer to their arguments on the '423 Patent.  For those same reasons, the Court finds that USAA's complaint satisfies Fed. R. Civ. P. 12(b)(6).

For these reasons, the Court is not persuaded that USAA's direct infringement claims should be dismissed under Fed. R. Civ. P. 12(b)(6).  The Motion is **DENIED** on this ground.

## B.    Indirect Infringement

PNC next asks the Court to dismiss USAA's claims of indirect infringement.  PNC puts forth two arguments.  First, PNC argues that USAA has failed to allege direct infringement for the patents-in-suit, which is a requirement of indirect infringement.  (Dkt. No. 24 at 9–11, 17, 19, 21).  For the reasons stated above, this argument fails.  Second, PNC argues that USAA has failed to

allege any facts that plausibly show PNC knew of the patents-in-suit.  As discussed below, this argument fails.

In its briefing, PNC acknowledged that USAA put forth the following allegations regarding pre-suit knowledge: (1) The patents-in-suit have been widely publicized in major industry publications read by PNC's employees; (2) USAA previously sued Wells Fargo for infringement of the patents-in-suit—or their parent patents; and (3) PNC is aware of USAA's "Deposit@Mobile" software due to USAA's marking of the software with the patents-in-suit. (Dkt. No. 24 at 11) (citing Dkt. No. 18 ¶¶ 35–39).  Yet, PNC argues that "none of these allegations *are sufficient to show that PNC knew* of—or was willfully blind to—the" patents-in-suit.  (*Id.*) (emphasis added).  PNC's argument misses the mark.  At the pleading stage, USAA need not show that PNC *knew* of the patents-in-suit.  Rather, USAA need only plead allegations that show it is *plausible that PNC knew* of the patents-in-suit.  Considering all the factual allegations in the complaint—which PNC acknowledge have been pled—it is plausible that in this highly competitive banking field that PNC knew of the patents-in-suit.  Whether the allegations of pre-suit knowledge are true or not is something to be determined through discovery.  Such is not the case at the pleading stage as all factual inferences must be resolved by the Court in favor of USAA. *In re Bill of Lading*, 681 F.3d at 1340.

Accordingly, the Court is of the opinion that USAA has properly stated a claim for indirect infringement.  The Motion is **DENIED** on this ground.

## IV.   CONCLUSION

For the reasons stated herein, PNC's Motion is **DENIED** in all respects.

**So ORDERED and SIGNED this 3rd day of September, 2021.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE