# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>     Plaintiff,<br><br>     v.<br><br>**PNC BANK, N.A.,**<br><br>     Defendant. | Civil Action No. 2:20-cv-00319-JRG |

### NON-PARTY MITEK SYSTEMS, INC.'S MOTION
### FOR A PROTECTIVE ORDER AND FOR SANCTIONS

█████████████████████████████████████████

## I. INTRODUCTION

Non-party Mitek Systems, Inc. ("Mitek") recently produced five witnesses for deposition in response to subpoenas issued by plaintiff United Services Automobile Association ("USAA") in this case. In at least three of the depositions, it was evident that USAA deposed the witnesses not to obtain discoverable information, but rather to harass and malign Mitek and its employees with ███████████████████████████████████████████████████████████████████████████. For these reasons, Mitek moves (1) for entry of a protective order pursuant to Fed. R. Civ. P. 26(c) ████████████████████████████████████████████████████████████████████ and (2) for sanctions pursuant to Fed. R. Civ. P. 30(d)(2) and the Court's inherent powers.

## II. FACTUAL BACKGROUND

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Declaration of Jonathan Tse ("Tse Decl."), ¶ 1. Notably, ████████████████████████████████████████████████████████████████████████████████████. *Id.*, ¶ 6. Specifically, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

1



███████████████████████████████████

████████████████████[1] ███████████████████

████████████████████████████████ *Id.*, ¶¶ 4-5.

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████ *Id.*, ¶ 4. ███████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████ *Id.*, ¶ 5.

In 2018, USAA initiated two separate cases against Wells Fargo in the Eastern District of Texas alleging patent infringement. *USAA v. Wells Fargo*, No. 2:18-cv-245 (E.D. Tex.) ("WF1 case"); No. 2:18-cv-00366-JRG (E.D. Tex.) ("WF2 case"). Although Mitek was not a party in either case, USAA deposed several Mitek employees, and one Mitek employee, Andrew Wood, testified at trial. WF1 case, Nov. 4, 2019 AM Trial Tr. at 91:2-5. The parties ultimately settled both cases, which were dismissed with prejudice. WF1 case, Dkt. 389; WF2 case, Dkt. 336.

---

[1] All emphasis added unless otherwise noted.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

On November 1, 2019, Mitek initiated a declaratory judgment action against USAA. *Mitek Systems, Inc. v. USAA*, No. 3:19-cv-07223, Dkt. 1 (N.D. Cal.) ("DJ Action"). Upon transfer, this Court granted USAA's motion to dismiss and Mitek appealed. *See id.*, Dkt. 69.

USAA has since continued its enforcement campaign against another Mitek customer, PNC, by filing the present patent infringement case on some of the same patents asserted against Wells Fargo. In the instant case, USAA previously served a Rule 45 subpoena on Mitek on March 8, 2021 that included eight requests for production. Tse Decl., ¶ 7. Mitek moved to quash that subpoena but later withdrew its motion after USAA agreed to substantially narrow its document request during additional meet and confer discussions with Mitek. *See In re: Subpoena to Mitek Systems, Inc.*, No. 8:21-mc-00012 JLS (ADSx), Dkt. 14 (C.D. Cal. Apr. 1, 2021). Mitek then produced fulsome discovery.[2] Tse Decl., ¶ 7. On October 5, 2021 and November 8, 2021, USAA served six additional subpoenas on Mitek and its employees, including a Rule 30(b)(6) subpoena on Mitek propounding 11 deposition topics and one document request. *Id.*, ¶ 8. Mitek timely objected to the subpoena, including the topics and the document request. *Id.*, ¶ 9. USAA deposed two Mitek witnesses on November 5, 2021 and three more on November 11, 2021. *Id.* During the latter three depositions, however, USAA ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.*, ¶¶ 11-14. The parties met and conferred on November 19, 2021 but are at an impasse. *Id.*, ¶ 15.

---

[2] Mitek has produced **over 33,000 pages** of documents in this case. Tse Decl., ¶ 7. Mitek also made **over 10 GBs** of source code available for inspection. *Id.*

███████████████████████████████████████

### III. LEGAL STANDARD

Courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Courts give special consideration to the burden posed when subpoenas are sent to nonparties." *Scrum All. Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 6559625, at *1 (E.D. Tex. Nov. 9, 2020).

"Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, Nos. 11-2715 & 12-0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013). "A district court has the power to sanction a party…under…its inherent powers." *Lunareye, Inc. v. Gordon Howard Assocs., Inc.*, 78 F. Supp. 3d 671, 673 (E.D. Tex. 2015) (citing *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997)). "Conduct that may warrant sanction under the court's inherent powers includes acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Buc-ee's, Ltd. v. Panjwani*, No. 4:15-CV-03704, 2017 WL 5629882, at *2 (S.D. Tex. Nov. 21, 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).

### IV. ARGUMENT

**A.   The Court Should Enter A Protective Order Preventing Inquiry Into ███████████████████████████████████████**

███████████████████████████████████████ Tse Decl., ¶ 3. Specifically, ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████ *Id.*, ¶¶ 4-6; *see supra*, Section II. Nevertheless, on November 11, 2021, USAA counsel ███████████████████████████

███████████████████████████████████████

4

███████. *Id.*, ¶¶ 11-14. To be sure, Mitek counsel repeatedly objected to this line of questioning and even explained the bases for the objections on the record. *See id.* Undeterred, USAA counsel continued to harass Mitek witnesses and malign Mitek with the improper lines of questioning. *See id.*

███████ *Id.*, ¶ 11. For example, USAA counsel asked Mr. Nepomniatchi:

███████ *Id.*, ¶ 12. Mitek objected to the question, but USAA counsel continued with this line of improper questioning. *Id.* For the next Mitek witness, Mr. Williams, USAA counsel asked: ███████

███████ *Id.*, ¶ 13. Despite Mitek's repeated objection that ███████ and reservation of right to "strike all testimony resulting from this line of questioning," USAA counsel continued his line of harassing questioning unabated, inquiring whether ███████

███████ *Id.* USAA counsel similarly asked Mr. Fernandez, the third Mitek witness: ███████

5

███████████████████████████████████

██████████████████████████████ *Id.*, ¶ 14. Again, despite Mitek's repeated statement

on the record "reiterat[ing] our prior objection that this is an improper line of questioning and ██

███████████████████████████████████████████████████

USAA continued to ████████████████████████████████████

███████████████████████████████████████████████████

████████████ *Id.*

USAA counsel's vexatious and baseless questioning of the three Mitek witnesses about

█████████████████████████████████████ was inappropriate ████████

███████████████████████████████████. That USAA counsel continued his

improper line of questioning ███████████████ over Mitek's strenuous objections further

underscores the impropriety of USAA counsel's conduct. Moreover, during the November 19,

2021 meet and confer between the parties, USAA counsel suggested that USAA may continue

harassing and maligning Mitek and its employees in future depositions or at trial because of a

disagreement in the understanding of ██████████████████. *Id.*, ¶ 15. Accordingly, a

protective order is necessary to prevent USAA from ████████████████████████

████████████████████ in this case. Since USAA counsel will likely argue or

suggest (without any basis ████████████████████████████████) ████████

████████████ at future depositions, in upcoming expert reports, or at trial, this Court should

enter a protective order pursuant to Fed. R. Civ. P. 26(c) precluding such argument or suggestion

before it occurs.

      **B.**     **The Court Should Sanction USAA To Adequately Deter Bad Faith Conduct**

Given USAA counsel's vexatious misconduct at the three Mitek depositions, sanctions for

Mitek's attorneys' fee for preparing this motion are also warranted in order to sufficiently deter

USAA and its counsel from further maligning Mitek (or its employees) in the future—████████

███████████████████████████████████████

███████████████████████████████████.  USAA has already demonstrated its complete disregard ███████████████████████ at the three Mitek depositions and that it is willing to ███████████████████████████████ despite Mitek's repeated objections on the record.  Without sanctions for its past misconduct, USAA may not be adequately deterred from maligning Mitek or its employees.

Courts have sanctioned parties in similar circumstances for reasonable attorney fees.  *See, e.g.*, *Fisher v. Biozone Pharms., Inc.*, No. 12-CV-03716-LB, 2017 WL 1097198, at *3, *7, *8 (N.D. Cal. Mar. 23, 2017) (monetarily sanctioning plaintiff for violating the settlement agreement's non-disparagement clause by, among other things, accusing defendants of the same allegations covered by the settlement agreement); *GRK Fasteners Ltd. v. Bennett*, No. 03-6363-HO, 2004 WL 1211919, at *5 (D. Or. May 14, 2004) (ordering reimbursement of "attorney fees reasonably expended in litigating" the issue for violating a non-disparagement clause).  Even if the Court deems that USAA counsel's conduct "is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997).  Any sanction less than reimbursement of Mitek's attorneys' fees for preparing this motion would be insufficient to deter USAA or its counsel in the future.

**V.   CONCLUSION**

Based on the foregoing, Mitek respectfully requests that the Court:  (1) enter a protective order preventing any discussion or suggestion of ███████████████████████████████ ███████████████████████████████████████████████████████████ in any future deposition, expert report, or trial in this case; and (2) sanction USAA for its past misconduct by awarding Mitek its attorneys' fees.

| | |
|---|---|
| Dated: November 22, 2021 | Respectfully submitted, |
| | */s/ Brian Mack* |
| | Brian E. Mack |
| | brianmack@quinnemanuel.com |
| | David Eiseman |
| | davideiseman@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, California 94111-4788 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Michael E. Jones |
| | State Bar No. 10929400 |
| | mikejones@potterminton.com |
| | POTTER MINTON, P.C. |
| | 110 N. College Ave., Suite 500 |
| | Tyler, Texas 75702 |
| | Tel: (903) 597-8311 |
| | Fax: (903) 593-0846 |
| | |
| | Attorneys for Non-Party Mitek Systems, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being serviced with a copy of this document via email on November 22, 2021.

*/s/ Brian Mack*
Brian Mack

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a lead-local meet-and-confer regarding this Motion prior to filing. Specifically, on November 19, 2021, counsel for Mitek (David Eiseman, Brian Mack, Jonathan Tse, and Patrick Clutter) participated in a telephonic conference with counsel for USAA (Jason Sheasby and Charles Ainsworth) regarding the issues raised herein but the parties were unable to resolve the issues. Thus, this Motion is opposed.

*/s/ Brian Mack*
Brian Mack

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Brian Mack*
Brian Mack