# IN IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 2:20-cv-319-JRG (Lead) ) No. 2:21-cv-110-JRG ) ) |
| vs. | ) ) JURY TRIAL DEMANDED |
| PNC BANK N.A., | ) ) ▇▇▇▇▇▇▇▇▇ ) |
| Defendant. | ) ) |

**UNITED SERVICES AUTOMOBILE ASSOCIATION'S
MOTION TO PRECLUDE TRIAL TESTIMONY OF DR. OMID KIA DUE TO
EXCEPTIONAL DEPOSITION CONDUCT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. LEGAL STANDARD .....................................................................................................1

III. ARGUMENT ..................................................................................................................2

    A. Dr. Kia Used Generic References to His Report to Evade Questioning ...........................................................................................................2

    B. There Is Substantial Evidence that Dr. Kia Did Not Participate In the Drafting of His Report...........................................................................................4

    C. Requested Remedy ...............................................................................................5

IV. CONCLUSION ...............................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barrett v. Atlantic Richfield Co.*,
   95 F.3d 375 (5th Cir. 1996) ............................................................................................................ 5

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ......................................................................................................................... 2

*Virnetx Inc. v. Cisco Sys.*,
   2012 WL 7997962 (E.D. Tex. Aug. 8, 2012) ................................................................................ 2

*Wilson v Novartis Pharms. Corp.*,
   575 F. App'x 296 (5th Cir. 2014) ................................................................................................... 2

**Rules**

Fed. R. Civ. P. 30(d)(2) ......................................................................................................................... 1

I.    **INTRODUCTION**

At his deposition, Dr. Kia refused to answer basic questions about the opinions in his report. When asked about his opinions, he frequently responded with "████████████" and ████████████████████████████████████████████ Dr. Kia's behavior demonstrated a clear intent to frustrate the deposition process and waste time, and it raises serious questions about his own knowledge of his purported opinions. This is not empty rhetoric. ████████████ ████████████████████████████████████████████████████████████████ ████████████████████

USAA requested that PNC remedy the situation by making Dr. Kia available for an additional 4 hours of deposition time with a commitment that he cease simply responding to questions with the statement ████████████████ Ex. 1 (Jan. 8 Sheasby Email). PNC refused.

In light of the behavior of both PNC counsel and Dr. Kia at the deposition, USAA requests the following remedies:

(a) Dr. Kia should be precluded from testifying that the report reflects his own work or opinions he came to on his own;

(b) For any question at deposition in which Dr. Kia refused to substantively answer but rather generically referenced his report, he should be precluded from providing testimony on the subject at trial.

II.    **LEGAL STANDARD**

This Court has inherent authority to fashion the appropriate sanction for exceptional deposition conduct. Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction…on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The sanction must "address the relative harm . . . suffered" and should "act as a deterrent to

such future conduct in this and other cases." *Virnetx Inc. v. Cisco Sys.*, 2012 WL 7997962, at *5 (E.D. Tex. Aug. 8, 2012).

Furthermore, the Fifth Circuit has recognized the district court's broad discretion to impose orders "in order to control the litigation before it." *Wilson v Novartis Pharms. Corp.*, 575 F. App'x 296, 298 (5th Cir. 2014). As explained in *Johnson v. Hankook Tire America Corp.*:

> From early in the federal courts' history it has been understood that "[c]ertain implied powers must necessarily result to our courts of justice from the nature of their institution," powers "which cannot be dispensed with in a court because they are necessary to the exercise of all others." *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (*quoting United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812). "When inherent powers are invoked ... they must be exercised with "restraint and discretion." *Gonzalez*, 117 F.3d 894, 898 (5th Cir.1997) (citing *Chambers*, 501 U.S. at 44, 111 S.Ct. 2123). When parties exploit the judicial process, through its inherent powers, a court may sanction conduct beyond the reach of other rules. *Natural Gas Pipeline Co.*, 2 F.3d at 1407

449 F. App'x 329, 332 (5th Cir. 2011). This inherent authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

### III.  ARGUMENT

#### A.  Dr. Kia Used Generic References to His Report to Evade Questioning

Dr. Kia is a highly experienced paid expert witness. There is nothing per se wrong with this, but it is apparent that he has developed a tactic that he believes allows him to evade providing substantive answer to questions: ███████████████████████████████████████.

For example, Dr. Kia claimed ████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████

████████████████████████████████
████████████████████████████████████



Ex. 2 (Kia Depo.) at 17:8-19:22.

This was not isolated behavior. As another example:



- 4 -



*Id.* at 84:15-89:10.

**B.    There Is Substantial Evidence that Dr. Kia Did Not Participate In the Drafting of His Report**

There is substantial evidence that Dr. Kia's strategy of generically referencing his report was driven by a more basic defect. There is no evidence that Dr. Kia drafted any portion of the report

11056509                                    - 4 -

- 5 -

himself, whether he came to any of his adopted opinions himself, and how many hours Dr. Kia spent working on his report, because █████████████████████████████████:



*Id.* at 19:24-20:22.  *See also*:



*Id.* at 216:5-10.

This is not a situation where PNC is taking a principled position that the drafting of an expert report is a privileged matter. ██████████████████████████████████ ████████████████████████:

Ex. 3 (Creusere Depo.) at 10:9-21.

**C.     Requested Remedy**

Dr. Kia's refusal to answer these basic questions is effectively no different than not providing the witness for deposition at all. *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375 (5th Cir. 1996) (finding no

- 6 -

abuse of discretion where the district court struck four expert witnesses for the party's failure to produce them for depositions by the court's deadline). As such, USAA respectfully requests that this Court preclude Dr. Kia from testifying as to the following topics as to which Dr. Kia was unable to testify: ▇

▇

▇

▇

▇

## IV.     CONCLUSION

USAA respectfully requests that this Court preclude Dr. Kia from testifying at trial as to the specific issues identified above.

Respectfully submitted,

Dated: January 19, 2022

/s/ *R. Christopher Bunt*
Jason G. Sheasby (CA #205455) (*Pro Hac Vice*)
Lead Attorney
Lisa S. Glasser (CA #223406) (*Pro Hac Vice*)
Rebecca L. Carson (CA #254105) (*Pro Hac Vice*)
Stephen M. Payne (CA#310567) (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel.: (310) 203-7096
Fax: (310) 203-7199
jsheasby@irell.com
lglasser@irell.com
rcarson@irell.com
spayne@irell.com

Robert Christopher Bunt
PARKER, BUNT & AINSWORTH, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF UNITED SERVICES AUTOMOBILE ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 19, 2022 a copy of the foregoing was served to all counsel of record.

*/s/ R. Christopher Bunt*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ R. Christopher Bunt*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, counsel for USAA met and conferred with counsel for PNC. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the court to resolve. This motion is opposed by PNC.

*/s/ R. Christopher. Bunt*

11056509