**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION<br>a Texas reciprocal inter-insurance exchange,<br><br>Plaintiff,<br><br>v.<br><br>PNC BANK, N.A.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:20-CV-319-JRG (Lead)<br>No. 2:21-cv-110-JRG<br><br>**JURY TRIAL DEMANDED** |

**UNITED SERVICES AUTOMOBILE ASSOCIATION'S**
**MOTION TO STRIKE PORTIONS OF**
**THE EXPERT REPORTS OF STEPHEN GRAY**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..... 1
II. OPINIONS REGARDING THE DOCTRINE OF EQUIVALENTS ..... 1
III. CLAIM CONSTRUCTION OPINIONS ..... 6
IV. OPINIONS REGARDING "TAGGING" ..... 8
V. OPINIONS REGARDING SECONDARY CONSIDERATIONS ..... 9
VI. OPINIONS RELATED TO UNACCUSED PRODUCTS ..... 11
VII. OPINIONS RELATED TO PATENT OFFICE CONSIDERATION OF PRIOR ART NOT AT ISSUE ..... 12
VIII. INADMISSIBLE HEARSAY ..... 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*,
811 F.3d 1334 (Fed. Cir. 2016) .......... 2

*Anascape, Ltd. v. Microsoft Corp.*,
2008 U.S. Dist. LEXIS 111917 (E.D. Tex. 2008) .......... 10

*AquaTex Indus. Inc. v. Techniche Sol.*,
479 F.3d 1320 (Fed. Cir. 2007) .......... 6

*Bianco v. Globus Med., Inc.*,
30 F. Supp. 3d 565 (E.D. Tex. 2014) (J. Bryson) .......... 12, 13

*Eagle Pharm., Inc. v. Slayback Pharma LLC*,
958 F.3d 1171 (Fed. Cir. 2020) .......... 5

*Hillman Group, Inc. v. KeyMe, LLC*,
Nos. 2:19-CV-00209-JRG, 2:20-CV-00070-JRG, 2021 WL 1248180 (E.D. Tex. Mar. 30, 2021) .......... 12

*Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*,
285 F.3d 1046 (Fed. Cir. 2002) (en banc) .......... 5

*Lear Siegler, Inc. v. Sealy Mattress Co. of Michigan, Inc.*,
873 F.2d 1422 (Fed. Cir. 1989) .......... 3

*MarcTec, LLC v. Johnson & Johnson*,
664 F.3d 907 (Fed. Cir. 2012) .......... 8, 9

*Nichia Corp. v. Everlight Elecs. Co.*,
2016 U.S. Dist. LEXIS 8378 (E.D. Tex. 2016) (Gilstrap, J.) .......... 10

*Presley v. Commercial Moving & Rigging, Inc.*,
25 A.3d 873 (D.C. 2011) .......... 12

*ROY-G-BIV Corp. v. ABB, Ltd.*,
63 F. Supp. 3d 690 (E.D. Tex. 2014) .......... 10

*SanDisk Corp. v. Kingston Tech. Co.*,
695 F.3d 1348 (Fed. Cir. 2012) .......... 5

*Semcon IP, Inc. v. Mediatek Inc.*,
2018 U.S. Dist. LEXIS 83107 (E.D. Tex. 2018) .......... 10

**Page(s)**

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
550 F.3d 1356 (Fed. Cir. 2008) ... 6

*Sycamore IP Holdings LLC v. AT&T Corp.*,
2017 WL 451795 (E.D. Tex. Oct. 10, 2021) ... 1, 2, 3

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
90 F.3d 1558 (Fed. Cir. 1996) ... 3

*Warner-Jenkinson v. Hilton Davis Chemical Co.*,
520 U.S. 17 (1997) ... 6

**Statutes**

35 U.S.C. § 101 ... 8, 9

**Rules**

Fed. R. Evid. 402 ... 12

Fed. R. Evid. 403 ... 12

Fed. R. Evid. 702 ... 13

Fed. R. Evid. 703 ... 12

## I. INTRODUCTION

Plaintiff United Services Automobile Association ("USAA") respectfully brings this motion to strike and exclude certain portions of the opinions of Stephen Gray, an infringement and validity expert for PNC Bank, N.A. ("PNC") regarding PNC's '623 and '754 patents.[1]

## II. OPINIONS REGARDING THE DOCTRINE OF EQUIVALENTS

"Courts in this district have been clear that doctrine of equivalents theories must be laid out in detail in a party's infringement contentions" and that purely "boilerplate allegations" are insufficient. *Sycamore IP Holdings LLC v. AT&T Corp.*, 2017 WL 451795, at *2 (E.D. Tex. Oct. 10, 2021) (collecting authorities). PNC's infringement contentions provided only boilerplate doctrine of equivalents allegations, without disclosing any doctrine of equivalents theory. Thus, Mr. Gray's doctrine of equivalents opinions should be stricken. *See generally id.*

**'623 Patent.** Regarding the '623 patent, PNC's infringement contentions simply stated, as to every claim element:



Ex. 1 (Def.'s Infringement Contentions, Ex. C) at 4, 9, 10, 12, 14.

In Mr. Gray's Report, PNC for the first time attempts to present a doctrine of equivalents theory. Mr. Gray states,

---

[1] This Motion pertains to both Mr. Gray's report regarding infringement ("Opening Report") and his report regarding validity ("Rebuttal Report").

[redacted] Accordingly, this opinion and Mr. Gray's paragraph 181 should be stricken. *Sycamore*, 2017 WL 451795, at *6.

Mr. Gray's opinion set forth in paragraph 181 also should be stricken for a second reason: the doctrine of claim vitiation. "Under the doctrine of equivalents, an infringement theory . . . fails if it renders a claim limitation inconsequential or ineffective." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016). Claim 1 of the '623 patent requires "graphical representations." This Court has expressly construed "graphical representation" to require the inclusion of "pictures and/or diagrams." Dkt. 265 at 123 ("The Court therefore hereby construes 'graphical representation' to mean 'a representation of information that includes pictures and/or diagrams and that may also include text.'"). Indeed, as set forth in the provisional application to which the '623 patent claims priority, the very purpose of the alleged invention is to provide the user with a graphical (i.e., picture or diagram) representation, as opposed to just text. Dkt. 265 at 120; Ex. 3 (United States Provisional Patent Application No. 61/065,134) at 19 (¶ 0004) (explaining that "Internet banking UIs currently in use do not adequately consolidate and present customer information such that customers may quickly assess financial conditions to determine if any adjustments are necessary" and "distributing funds between accounts is typically performed using text-input features that add little to the customer's understanding of account dynamics"). [redacted]

Mr. Gray's doctrine of equivalents opinions are also improper because they are conclusory. [redacted]

 This is improper. *Lear Siegler, Inc. v. Sealy Mattress Co. of Michigan, Inc.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989) ("substantial identity must be proven with regard to all three elements of the doctrine specified in *Graver Tanker: function* performed, *means* by which function is performed, and *result* achieved. In order to assure such separate analysis . . . a jury must be separately directed to proof of each *Graver Tanker* element. The party asserting infringement must present '*evidence* and *argument* concerning the doctrine and *each* of its *elements*.'"); *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996) (expert testimony delivered in "conclusive fashion" "was insufficient because . . . '[t]here [was] no discussion of whether or how the way the pie pad operates [was] similar to the patent claim, nor [was] there any particularized testimony explaining *why* the function and result [were] the same").

**'754 patent.** Regarding the '754 patent, for elements 1[a], 1[b], and 1[c] (the elements that do not include the requirement of a "bar")

Ex. 4 (Def.'s Infringement Contentions, Ex. D) at 4, 7, 8, 13–15, 20–22, 27–28, 30, 32–33,

For the same reasons discussed above, this was insufficient to preserve a doctrine of equivalents theory for trial. *Sycamore*, 2017 WL 451795, at *6. Accordingly, the purported doctrine of

equivalents theories set forth in Mr. Gray's report for these elements should be stricken. *See, e.g.*, Ex. 2 (Gray Op. Report) ¶¶ 255–58, 335, 369, 476, 500.

For elements 1(d)–1(e3), 2(d)–2(e3), and 4(d)–4(e3), which contain the term "bar,"

[1]

Ex. 4 (Def.'s Infringement Contentions, Ex. D) at 10; *see also id.* at 12, 17, 19, 24-26, 35, 37 (same).

However, PNC does not seek to present this theory. Rather, PNC presents through Mr. Gray an entirely different doctrine of equivalents theory.

Further, in addition to being untimely, Mr. Gray's opinion should be stricken because it attempts to recapture subject matter that was deliberately left unclaimed, and thus violates the dedication-disclosure rule:

> [W]hen a patent drafter discloses but declines to claim subject matter ... this action dedicates that unclaimed subject matter to the public. Application of the doctrine of equivalents to recapture subject matter deliberately left unclaimed would conflict with the primacy of the claims in defining the scope of the patentee's exclusive right.

*Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc) (internal quotation marks omitted); *see also SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1363 (Fed. Cir. 2012). "If the court concludes that the inventor dedicated an alleged equivalent to the public, the patent owner cannot prevail on its doctrine of equivalents infringement claim based on that equivalent." *Eagle Pharm., Inc. v. Slayback Pharma LLC*, 958 F.3d 1171 (Fed. Cir. 2020) (upholding dismissal of DOE infringement theory on grounds that it violated the disclosure-dedication doctrine).

 But "lines"—as well as "circles"—are expressly disclosed as alternatives to the recited "bars" in the '754 Patent. Ex. 5 ('754 Patent) at 7:14-17 ("[A]lthough income and spending bars are described, it will be appreciated that any other suitable shape or pattern may be substituted (e.g., a line, a dashed line, a circle, etc.)."). After disclosing these alternatives in the specification, the patentee chose not to claim them and to claim only "bars." As a result, those alternatives have been dedicated to the public, and PNC is barred from advancing a DOE theory that would recapture them.

In addition to the reasons set forth above, Mr. Gray's doctrine of equivalents opinions also should be stricken because they are conclusory.

[redacted] This violates the Supreme Court's guidance, which makes clear that the doctrine of equivalents must be applied to each individual element of a claim, not to the invention as a whole. *Warner-Jenkinson v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997). Because Mr. Gray does not address the equivalence of each element, his analysis is improper and should be stricken. *AquaTex Indus. Inc. v. Techniche Sol.*, 479 F.3d 1320, 1328 (Fed. Cir. 2007) ("Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice.").

Thus, paragraphs 181, 255–258, 278–281, 294–297, 309–312, 335, 343, 348, 353, 369, 377, 382, 387, 476, 500 should be stricken from Mr. Gray's report.

## III. CLAIM CONSTRUCTION OPINIONS

"[A]llowing a witness to testify before the jury on claim construction would be improper." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 n.6 (Fed. Cir. 2008). Mr. Gray, throughout both his reports, attempts to argue claim construction to the jury, in many cases in direct contradiction of this Court's claim constructions. These portions of his reports should be stricken.

**Rebuttal Report paragraphs 56, 160, 202, 205, 222, 276, 279, 285–286, 289, 317, 369, 373, 381, 391, 402.** [redacted]




This is an untimely claim construction argument.

PNC did not do so, and should not be now allowed to improperly argue claim construction for the first time in a rebuttal expert report and to present claim construction arguments to the jury.

**Rebuttal Report paragraphs 196–197, 280, 281, 290, 364, 374, 375, 382.**

. PNC should not be now allowed to improperly argue claim construction for the first time in a rebuttal expert report and to present claim construction arguments to the jury. These paragraphs should accordingly be stricken.

**Rebuttal Report paragraphs 57, 163–64, 170.**


[redacted] Once again, this is an untimely claim construction argument, offered for the first time in a rebuttal expert report, and it should be stricken.

**Rebuttal Report paragraphs 193–194, 278, 372.** [redacted] Like the other untimely claim construction arguments above, it should be stricken.

## IV. OPINIONS REGARDING "TAGGING"

[redacted] These opinions are inconsistent with the Court's claim construction, PNC's own positions, and PNC's infringement contentions, and as such should be stricken and excluded. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 913 (Fed. Cir. 2012).

[redacted] The Court accordingly rejected the

"tagging" construction. Dkt. 265 at 126. Thus, Mr. Gray's opinions regarding § 101 and "tagging" contradict the Court's construction and PNC's own positions and therefore should be stricken. *MarTec*, 664 F.3d at 913.

[REDACTED] To the extent that Mr. Gray is actually proposing to construe this limitation to require tagging, he provides no basis for that position and it would be untimely at this juncture. The time for construing the "generating" element was during claim construction. [REDACTED]

[REDACTED] PNC cannot now argue that the claims require "tagging" in an effort to justify validity under § 101. Accordingly, Mr. Gray's attempt to do so should be stricken. Ex. 6 (Rebuttal Report) ¶¶ 454–60.

## V. OPINIONS REGARDING SECONDARY CONSIDERATIONS

Mr. Gray's opinions regarding secondary considerations of obviousness regarding the '623 and '754 patents, Rebuttal Report ¶¶ 436–50, should be stricken for two reasons.

[REDACTED]



Such late-disclosed opinions defeat the purpose of contention interrogatories and should be stricken. *Semcon IP, Inc. v. Mediatek Inc.*, 2018 U.S. Dist. LEXIS 83107, *13 (E.D. Tex. 2018) (striking expert testimony that relied on facts that the party failed to disclose in response to an interrogatory that asked for "any secondary considerations of non-obviousness").

Second, Mr. Gray's opinions do not establish nexus to the patents-in-suit and thus are not probative of nonobviousness. *Nichia Corp. v. Everlight Elecs. Co.*, 2016 U.S. Dist. LEXIS 8378, at *182 (E.D. Tex. 2016) (Gilstrap, J.) ("There must be a causal nexus between the purported secondary consideration and the claimed invention before such evidence may properly be considered.").

Mr. Gray's opinion that PNC practices the '754 patent, including without limitation his secondary considerations arguments premised on that opinion, should be excluded. *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014) ("Expert infringement reports may not introduce theories not previously set forth in infringement contentions."); *Anascape, Ltd. v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 111917 (E.D. Tex. 2008) (granting motion to strike expert report as it

related to things not adequately disclosed in the invalidity contentions and to the extent that the expert report exceeded the invalidity contentions).

[redacted].

For both of these independent reasons, USAA respectfully requests that Mr. Gray's opinion that PNC practices the '623 and '754 patents and his secondary considerations opinions be stricken. *See* Ex. 6 (Rebuttal Report) ¶¶ 436–50, Ex. 2 (Gray Op. Report) ¶ 82 & Exs. 1-2.

## VI. OPINIONS RELATED TO UNACCUSED PRODUCTS

[redacted]

[redacted]

These references to features not charted in PNC's contentions are irrelevant, confusing, and should be stricken. *Hillman Group, Inc. v. KeyMe, LLC*, Nos. 2:19-CV-00209-JRG, 2:20-CV-00070-JRG, 2021 WL 1248180, *7 (E.D. Tex. Mar. 30, 2021) ("KeyMe's app and RFID functionality . . . are not accused products in this case and are therefore irrelevant to any issue for the jury to decide.").

## VII. OPINIONS RELATED TO PATENT OFFICE CONSIDERATION OF PRIOR ART NOT AT ISSUE

The apparent purpose is to suggest that the Patent Office already considered the issues (even though the parties agree that none of the references at issue were before the Patent Office). These opinions are irrelevant to this litigation and thus not admissible. *See* Fed. R. Evid. 402. Further, these opinions run a serious risk of confusing the jury. *See* Fed. R. Evid. 403. Thus, USAA respectfully requests that these opinions be stricken.

## VIII. INADMISSIBLE HEARSAY

An expert cannot serve as a conduit for hearsay, shielding the underlying source from cross-examination. *Presley v. Commercial Moving & Rigging, Inc.*, 25 A.3d 873, 893 (D.C. 2011) ("[W]hile experts may rely on hearsay to form their opinions, their testimony is not a vehicle by which evidence that is otherwise inadmissible may be introduced."); *Bianco v. Globus Med., Inc.*, 30 F. Supp. 3d 565, 570 (E.D. Tex. 2014) (J. Bryson) (Expert "testimony is not a vehicle by which evidence that is otherwise inadmissible may be introduced.') (quoting *Presley*, 25 A.3d at 893); *see also* Fed. R. Evid. 703.

[redacted] To the extent the opinions citing to these hearsay documents are permitted, Mr. Gray should not be permitted to publish the underlying hearsay to the jury. Fed. R. Evid. 702; *Bianco*, 30 F. Supp. 3d at 570 (E.D. Tex. 2014).

Respectfully submitted,

Dated: January 19, 2022

*/s/ Robert Christopher Bunt*

Jason G. Sheasby (CA #205455) (*Pro Hac Vice*)
Lead Attorney
Lisa S. Glasser (CA #223406) (*Pro Hac Vice*)
Rebecca L. Carson (CA #254105) (*Pro Hac Vice*)
Stephen M. Payne (CA#310567) (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel.: (310) 203-7096
Fax: (310) 203-7199
jsheasby@irell.com
lglasser@irell.com
rcarson@irell.com
spayne@irell.com
Robert Christopher Bunt
PARKER, BUNT & AINSWORTH, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF UNITED SERVICES AUTOMOBILE ASSOCIATION**

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 19, 2022 a copy of the foregoing was served to all counsel of record.

*/s/ Robert Christopher Bunt*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/Robert Christopher Bunt*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, counsel for USAA met and conferred with counsel for PNC on January 19, 2022. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the court to resolve. This motion is opposed by PNC.

*/s/ Robert Christopher Bunt*