# IN IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange,<br><br>Plaintiff,<br><br>vs.<br><br>PNC BANK N.A.,<br><br>Defendant. | Civil Action No. 2:20-cv-319-JRG (Lead)<br>No. 2:21-cv-110-JRG<br><br>JURY TRIAL DEMANDED |

## UNITED SERVICES AUTOMOBILE ASSOCIATION'S *DAUBERT* MOTION TO STRIKE PORTIONS OF THE OPENING EXPERT REPORT OF CHRISTOPHER VELLTURO

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1

II. LEGAL STANDARD ............................................................................................ 1

III. ARGUMENT ......................................................................................................... 1

    A. DR. VELLTURO'S PARROTTING OF OTHER EXPERTS SHOULD BE STRICKEN ............................................................................ 1

    B. THE OUTPUT OF DR. VELLTURO'S "ANALYSIS OF POTENTIAL EXAMPLES OF ALLEGED INFRINGEMENT OF THE '623 PATENT" SHOULD BE EXCLUDED BECAUSE IT DOES NOT IDENTIFY ACTUAL INFRINGEMENT ....................................... 4

    C. DR. VELLTURO'S STATEMENT THAT DESIGN AROUND COST IS A CAP ON DAMAGES IS CONTRARY TO LAW ........................... 7

IV. CONCLUSION ...................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cholakyan v. Mercedes-Benz, USA*,
   281 F.R.D. 534 (C.D. Cal. 2012) ..................................................................................2

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) .......................................................................................................1

*Delta T, LLC v. Dan's Fan City, Inc.*,
   2021 WL 2103074 (M.D. Fla. May 25, 2021) ..............................................................1

*Deutz Corp. v. City Light & Power, Inc.*,
   2009 WL 2986415 (N.D. Ga. Mar. 21, 2009) ...............................................................1

*Enplas Display Device Co. v. Seoul Semiconductor Co., Ltd.*,
   909 F.3d 398 (Fed. Cir. 2018) .......................................................................................6

*Factory Mut. Ins. Co. v. Alon USA L.P.*,
   705 F.3d 518 (5th Cir. 2013) .........................................................................................1

*Mars, Inc. v. Coin Acceptors, Inc.*,
   527 F.3d 1359 (Fed. Cir. 2008), ....................................................................................7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   711 F.3d 1348 (Fed. Cir. 2013) .....................................................................................6

*Rite-Hite Corp. v. Kelley Co.*,
   56 F.3d 1538 (Fed. Cir. 1995) .......................................................................................7

*Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*,
   2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ..........................................................1, 3

*SimpleAir, Inc. v. AWS Convergence Techs., Inc.*,
   2012 WL 12978274 (E.D. Tex. Apr. 3, 2012) ..............................................................7

*United States v. Grey Bear*,
   883 F.2d 1382 (8th Cir. 1989) .......................................................................................1

**Other Authorities**

Fed. R. Evid. 403 ....................................................................................................................3

Fed. R. Evid. 702 ....................................................................................................................1

Fed. R. Evid. 703 ....................................................................................................................1

**I.     INTRODUCTION**

Plaintiff USAA respectfully brings this motion to strike and exclude certain portions of the opening opinions of Christopher Vellturo, the damages expert for Defendant PNC.

**II.    LEGAL STANDARD**

The admissibility of expert testimony is a question of law governed by Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Under *Daubert*, trial judges are "gatekeepers" to shield the jury from unreliable or irrelevant expert testimony. *Id.* at 579. To be admissible, expert testimony must be helpful to the trier of fact, based upon sufficient facts or data, and the product of reliable principles and methods. *Id.* at 589-90; Fed. R. Evid. 702.

**III.   ARGUMENT**

**A.     DR. VELLTURO'S PARROTTING OF OTHER EXPERTS SHOULD BE STRICKEN**

"Rule 703 was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (internal quotes omitted); *see also Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *9 (E.D. Tex. Apr. 10, 2017) (quoting *Factory Mutual* and collecting cases); *United States v. Grey Bear*, 883 F.2d 1382, 1392 (8th Cir. 1989) ("[Rule] 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views").

Accordingly, "[a]n expert may not present testimony that merely 'parrots' the opinions of others, without providing an independent evaluation of the evidence." *Delta T, LLC v. Dan's Fan City, Inc.*, 2021 WL 2103074, at *4 (M.D. Fla. May 25, 2021); *Deutz Corp. v. City Light & Power, Inc.*, 2009 WL 2986415, at *6 (N.D. Ga. Mar. 21, 2009) ("While Rule 703 permits an expert to rely on 'facts or

data' that are not otherwise admissible into evidence in forming his opinion, it does not permit an expert to simply parrot the opinions of other experts.").

Throughout his report, Dr. Vellturo parrots the analysis of other PNC experts without any independent analysis of the evidence.

**Paragraphs 8, 15-22, 28-32, 52, 70, 76, 80, 83, 91**.  Dr. Vellturo presents no actual analysis of the evidence, rather, the only substantive citations in this section of Dr. Vellturo's report are to entire paragraphs of the report of a different PNC expert, Mr. Webster. *Id.* at fn. 5-34.[1] Dr.

Ex. 4 (Vellturo Deposition Rough Tr.) at p. 30.

Dr. Vellturo should not be permitted to simply parrot the opinions of Mr. Webster regarding the banking industry without having performed his own analysis of the facts. As numerous courts have recognized "[a]n expert's sole or primary reliance on the opinions of other experts raises serious reliability questions." *Cholakyan v. Mercedes-Benz, USA*, 281 F.R.D. 534, 544 (C.D. Cal. 2012) (collecting cases). For example, in *Cholakyan* the Court struck expert testimony that merely "cites entire paragraphs of a report prepared by [another]" and "offers no independent analysis or opinion" because the expert merely "seeks to serve as a mouthpiece for others." *Id.* at 546–47. So too here, Dr. Vellturo

---

[1]

██████████████ Rather, he merely cites to entire paragraphs of Mr. Webster's report and regurgitates their contents. Such testimony is not helpful to the jury – and in fact is inherently prejudicial and misleading – because it seeks to give undue weight to the testimony by having additional experts espouse it, when in fact only one expert has actually analyzed the issue and Dr. Vellturo is merely repeating the same conclusions. Fed. R. Evid. 403.

Further, by merely repeating Mr. Webster's report, Dr. Vellturo is acting as nothing more than a conduit for hearsay. It is well established that "'[A]n expert witness may not simply summarize the out-of-court statements of others as his testimony. . . .An expert who parrots an out-of-court statement is not giving expert testimony; he is a ventriloquist's dummy.'" *Robroy*, 2017 WL 1319553, at *9 (quoting *United States v. Brownlee*, 741 F.3d 479, 482 (7th Cir. 2014) and collecting cases).

To be clear, USAA acknowledges that an expert witness may rely on hearsay in forming **their own** expert conclusions and analysis. But what an expert may not do is simply parrot the analysis of other experts to the jury, where that expert has not done the actual analysis themselves. Put another way, if PNC wishes to present Mr. Webster's analysis of demand to the jury then (to the extent the testimony is otherwise admissible) Mr. Webster needs to come to trial to testify to it. Dr. Vellturo should not be permitted to simply paraphrase Mr. Webster's analysis with no opportunity for USAA to cross-examine the actual source of the opinions.

████████████████████████████████████████████████████████████████████████████████████████████████████████████ Once again, Dr. Vellturo merely cites to entire paragraphs of the reports of other PNC experts in support of this testimony (Stephen Gray and David Peterson), and parrots their conclusions for the jury without independent analysis. This is improper for the same reasons discussed above.

- 4 -

[REDACTED] Dr. Vellturo does not purport to perform his own analysis of these costs, nor is he qualified to do so. While Dr. Vellturo may rely on proper technical opinions in assessing damages, he should not be permitted to simply parrot the analysis of these other experts for the jury.

B. [REDACTED]

[REDACTED]





To be clear, USAA does not object to Mr. Gray using Dr. Vellturo's data

*See, e.g.*, E*nplas Display Device Co. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 411 (Fed. Cir. 2018) ("a reasonable royalty . . . 'cannot include activities that do not constitute patent infringement, as patent damages are limited to those 'adequate to compensate for the infringement'"); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1373-74 (Fed. Cir. 2013) (district court abused its discretion by admitting expert testimony that included "noninfringing chargers" in damages base).

Further, PNC should be limited to presenting at trial the

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████.

      **C.**    ████████████████████████████████████████████████
            ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████ The Federal Circuit has instructed that it "is wrong as a matter of law to claim that reasonable royalty damages are capped at the cost of implementing the cheapest available, acceptable, noninfringing alternative. . . . To the contrary, an infringer may be liable for damages, including reasonable royalty damages, that exceed the amount that the infringer could have paid to avoid infringement." *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008), *mandate amended on other grounds*; *see also SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, 2012 WL 12978274, at *2 (E.D. Tex. Apr. 3, 2012) (expert may not "claim that reasonable royalty damages are capped at the cost of implementing the cheapest available, acceptable, noninfringing alternative" and striking testimony); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995) ("what an infringer would prefer to pay is not the test for damages"). ███████████████████████████████

███████████████████████████████████████████████████████████

## IV. CONCLUSION

USAA respectfully requests that this Court exclude and strike the portions of Dr. Vellturo's opening opinions identified above.

                                                    Respectfully submitted,

Dated: January 19, 2022

*/s/ Robert Christopher Bunt*
Jason G. Sheasby (CA #205455) (*Pro Hac Vice*)
Lead Attorney
Lisa S. Glasser (CA #223406) (*Pro Hac Vice*)
Rebecca L. Carson (CA #254105) (*Pro Hac Vice*)
Stephen M. Payne (CA#310567) (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel.: (310) 203-7096
Fax: (310) 203-7199
jsheasby@irell.com
lglasser@irell.com
rcarson@irell.com
spayne@irell.com
Robert Christopher Bunt
PARKER, BUNT & AINSWORTH, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF UNITED SERVICES AUTOMOBILE ASSOCIATION**

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 19, 2022 a copy of the foregoing was served to all counsel of record.

*/s/ Robert Christopher Bunt*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Robert Christopher Bunt*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, counsel for USAA met and conferred with counsel for PNC on January 19, 2022. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the court to resolve. This motion is opposed by PNC.

*/s/ Robert Christopher Bunt*

11055599