# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>Plaintiff<br><br>v.<br><br>**PNC BANK, N.A.,**<br><br>Defendant | Civil Action No. 2:20-cv-00319-JRG (LEAD CASE)<br><br>Civil Action No. 2:21-cv-00110-JRG<br><br>███████████████<br><br>████████████████████<br>████████████████████ |

### PNC BANK, N.A.'S OPPOSITION TO UNITED SERVICES AUTOMOBILE ASSOCIATION'S MOTION TO STRIKE PORTIONS OF THE OPENING EXPERT REPORT OF CHRISTOPHER VELLTURO

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ....................................................................................................1

II.    LEGAL STANDARD...............................................................................................2

III.   ARGUMENT .............................................................................................................3

       A.     Dr. Vellturo Performed His Own Independent Analysis of the Economics
              of the Banking Industry and the Damages Issues in This Case .............................3

       B.     ████████████████████████████████████
              ███████ .................................................................................................5

       C.     Dr. Vellturo's Testimony Regarding "USAA's maximum willingness to
              pay" is Not Contrary to the Law ...........................................................................7

IV.    CONCLUSION...........................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Apple Inc. v. Motorola, Inc.*,
   757 F.3d 1286 (Fed. Cir. 2014)................................................................................4, 7

*Cholakyan v. Mercedes-Benz, USA*,
   281 F.R.D. 534 (C.D. Cal. 2012) ...........................................................................4, 5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).................................................................................................2

*Ergotron, Inc. v. Rubbermaid Com. Prods., LLC*,
   No. 10-2010, 2012 WL 3733578 (D. Minn. Aug. 28, 2012) ..................................8

*Georgia-Pacific v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970)........................................................................1

*Grain Processing Corp. v. Am. Maize–Products Co.*,
   185 F.3d 1341 (Fed. Cir. 1999)...............................................................................7

*Gree, Inc. v. Supercell Oy*,
   No. 19-00071, 2020 WL 4057640 (E.D. Tex. July 20, 2020) ...............................2, 4

*Kimberly–Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*,
   No. 09-1685, 2013 WL 6036029 (M.D. Penn. 2013) .............................................8

*Mars, Inc. v. Coin Acceptors, Inc.*,
   527 F.3d 1359 (Fed. Cir. 2008)...............................................................................7

*Open Text S.A. v. Box, Inc.*,
   No. 13-04910, 2015 WL 393858 (N.D. Cal. Jan. 29, 2015)...................................7, 8

*Riles v. Sell Exploration & Prod. Co.*,
   298 F.3d 1302 (Fed. Cir. 2002)...............................................................................7, 8

*SimpleAir, Inc. v. AWS Convergence Techs., Inc.*,
   No. 09-289, 2012 WL 12978274 (E.D. Tex. Apr. 3, 2012).....................................8

*SimpleAir, Inc. v. Google Inc.*,
   77 F. Supp. 3d 569 (E.D. Tex. 2014).......................................................................8

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.*,
   No. 11-248-JRG, 2015 WL 6694116 (E.D. Tex. Nov. 3, 2015) .............................4

*TracBeam LLC v. AT&T Inc.*,
    No. 11-96, 2013 WL 6175372 (E.D. Tex. Nov. 25, 2013) ......................................................7

**Other Authorities**

Federal Rules of Evidence, Rule 702 .............................................................................................2

## I.   INTRODUCTION

USAA has identified no improper or unreliable opinions offered by PNC's damages expert Dr. Christopher Vellturo.  It starts by criticizing Dr. Vellturo for supposedly "parrot[ing] the analysis of other PNC experts without any independent analysis of the evidence." D.I. 315,  2.  But that is not what Dr. Vellturo did.  Dr. Vellturo is a Ph.D. economist, and he provided his own independent opinions on the economics of the banking industry and the damages issues in this case.  Dr. Vellturo cited the opinions offered by other experts in this case to the extent that those experts offered opinions relevant to the issues addressed in his report, but he did not simply repeat what other experts had said and adopt those opinions as his own.  Dr. Vellturo instead considered the opinions of other experts as part of his own assessment of the economics of the banking industry and the damages issues in this case.  That is entirely permissible; indeed, *Georgia-Pacific* explicitly contemplates that a damages expert like Dr. Vellturo will consider "[t]he opinion testimony of qualified experts."  *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).  And like Dr. Vellturo, USAA's own damages expert cited and discussed the opinions offered by other experts in his damages reports.

USAA next seeks to exclude Dr. Vellturo's analysis of ██████████████████

████████████████████████████████████████

███████████████████████. ████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████



Finally, USAA asserts that Dr. Vellturo's opinion that ███████████████████████ ████████████████████████████████████████████████████ ████████ should be excluded as contrary to law.  D.I. 315, 7.  But courts have repeatedly recognized that it is appropriate to calculate damages based upon the costs of designing around the patent.████████████████████████████████████ . ███████████ ██████████████████████████████████████████████████; his opinion is simply that, based upon the circumstances of this case, ███████████████████ ████████████████████████████

PNC therefore respectfully requests that the Court deny USAA's motion to strike portions of Dr. Vellturo's opening expert report.

## II.    LEGAL STANDARD

Under the Federal Rules of Evidence, "[a]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993).  The admissibility of such expert testimony is governed by Federal Rules of Evidence, Rule 702.  *Id.*  "Ultimately, the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court."  *Gree, Inc. v. Supercell Oy*, No. 19-00071, 2020 WL 4057640, at *3 (E.D. Tex. July 20, 2020) (internal quotations omitted).

## III.    ARGUMENT

### A.    Dr. Vellturo Performed His Own Independent Analysis of the Economics of the Banking Industry and the Damages Issues in This Case.

Dr. Vellturo's opening expert report addresses the issue of damages for the PNC patents-in-suit.  In providing his damages opinions, Dr. Vellturo addressed the economics of the banking industry and explained how ancillary banking services such as the products at issue fit in to that picture. ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ ███████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████ These opinions come from Dr. Vellturo's own independent analysis of the relevant market, and are well within his expertise as a Ph.D. economist who studies the laws of supply and demand.

Dr. Vellturo also evaluated the *Georgia-Pacific* factors (*see, e.g.*, Ex. A at ¶¶ 73-97) and opined on how to properly measure damages for the PNC patents-in-suit ██████████████

███████████████████████████████████████████████

████████████████. Again, these opinions are well within Dr. Vellturo's expertise as a damages expert and an economist.

Dr. Vellturo does cite the opinions of ██████████████████████████████████

██████████████████████████████ to the extent that those experts offered opinions related

to the issues addressed in Dr. Vellturo's report. ████████████████████████████

████████████████████████████████████████████████████████████████

███). But Dr. Vellturo's opinions stand independently from the opinions offered by PNC's other experts. Indeed, the opinions from those other experts are only part of the evidence that Dr. Vellturo considered, and Dr. Vellturo's opinions synthesize the evidence in this case to provide his own independent analysis of the economics of the banking industry and damages for the PNC patents-in-suit. ███████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

    USAA seeks to strike portions of Dr. Vellturo's opening report to the extent that he discussed the opinions offered by PNC's technical and industry experts in performing his analysis of damages. *See* D.I. 315, 1-4. But Dr. Vellturo's consideration of the opinions of those experts was neither unusual, nor impermissible. Courts have made clear that "experts may rely on other experts for expertise outside their field." *Gree*, 2020 WL 4057640, at *3; *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Consistent with Rule 703, patent damages experts often rely on technical expertise outside of their field"), *overruled in part not relevant here by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015); *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, No. 11-248-JRG, 2015 WL 6694116, at *5 (E.D. Tex. Nov. 3, 2015) ("Dr. Becker was entitled to rely upon Dr. Jaeger's technical analysis when constructing his damages model and presenting it to the jury, and the jury was free to judge the credibility of both experts."). Indeed, USAA's own damages expert David Kennedy testified

██████████████████████████████████████████████████████

████████████████████████████████████. Furthermore, Mr. Kennedy ████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

USAA's assertion that Dr. Vellturo merely "parroted" the opinions of other experts is incorrect.  Unlike *Cholakyan v. Mercedes-Benz, USA*, 281 F.R.D. 534 (C.D. Cal. 2012), a case relied upon by USAA, where "over 80 percent of [his report was] actually literally taken word for word from [another expert] report," Dr. Vellturo did not simply copy the opinions of other experts and offer them as his own.  Dr. Vellturo instead identified the opinions offered by other experts in different fields that are relevant to the issues that he addressed, and Dr. Vellturo then performed an independent analysis of the issues within his expertise that took into account the opinions offered by those other experts.  ████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████).

**B.**    ████████████████████████████████████████████ ████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████████████



**C.**

USAA also has no basis to strike Dr. Vellturo's opinion ████████████████████

USAA misreads *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1372 (Fed. Cir. 2008), as applying to the admissibility of an expert's damages opinion.  The defendant in *Mars* argued that the royalty award should be vacated because it exceeded the cost of a non-infringing alternative.  The Federal Circuit rejected that argument in part because "an infringer may be liable for damages, including reasonable royalty damages, that exceed the amount that the infringer could have paid to avoid infringement."  *Id.  Mars* did not consider the admissibility of expert opinion.  It "only forbid[] courts, not experts, [from] imposing caps based on [the cost of a design-around] as a matter of law."  *Open Text S.A. v. Box, Inc.*, No. 13-04910, 2015 WL 393858, at *4 (N.D. Cal. Jan. 29, 2015) (internal quotation omitted).

Since *Mars,* the Federal Circuit has made clear that "a party may . . . estimate the value of the benefit provided by the infringed features by a comparing the accused product to non-infringing alternatives." *Apple*, 757 F.3d at 1315.  This is consistent with long-standing Federal

Circuit law that "[t]he economic relationship between the patented method and non-infringing alternative methods, of necessity, would limit the hypothetical negotiation."  *Riles v. Sell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002); *see also Grain Processing Corp. v. Am. Maize–Products Co*., 185 F.3d 1341, 1347 (Fed. Cir. 1999) (upholding district court's finding that the difference in production costs between infringing and non-infringing products "effectively capped the reasonable royalty award.").

Courts have thus continued to hold that "non-infringing alternatives *can* serve as a cap on the damages." *TracBeam LLC v. AT&T Inc.*, No. 11-96, 2013 WL 6175372, at *5 (E.D. Tex. Nov. 25, 2013) (emphasis added).  And they have expressly rejected USAA's reading of *Mars*, finding that expert opinion that a defendant "would not have been willing to pay more than the cost of implementing a non-infringing alternative … is an acceptable opinion … at th[e] *Daubert* stage, and not a legal claim."  *See Open Text*, 2015 WL 393858, at *4; *Kimberly–Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 09-1685, 2013 WL 6036029, at *2-3 (M.D. Penn. 2013); *Ergotron, Inc. v. Rubbermaid Com. Prods., LLC*, No. 10-2010, 2012 WL 3733578, at *12-13 (D. Minn. Aug. 28, 2012).

*SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No. 09-289, 2012 WL 12978274, at *2 (E.D. Tex. Apr. 3, 2012), on which USAA relies, is not to the contrary.  While the court precluded an expert from testifying that "reasonable royalty damages are capped" at the cost of a design-around, *id.*, it later clarified that "the jury was entitled to choose a damages award within the amounts advocated by the opposing parties"—which included the cost of a design-around on one end.  *SimpleAir, Inc. v. Google Inc.*, 77 F. Supp. 3d 569, 583 (E.D. Tex. 2014).  The court thus appears to have excluded testimony that the law caps damages at the cost of a design-around. ████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████. *Mars* does not bar him from doing so.

## IV.    CONCLUSION

PNC respectfully requests that this Court deny USAA's request to exclude and strike the

portions of Dr. Vellturo's opening report that USAA identified in D.I. 315.

Dated: February 2, 2022

                                       */s/ Melissa R. Smith*

                                       Melissa R. Smith
                                       Texas State Bar No. 24001351
                                       GILLAM & SMITH LLP
                                       303 S. Washington Ave.
                                       Marshall, TX 75670
                                       (903) 934-8450
                                       melissa@gillamsmithlaw.com

                                       Gregory P. Stone (*pro hac vice*)
                                       Adam R. Lawton (*pro hac vice*)
                                       Vincent Y. Ling (*pro hac vice*)
                                       Rowley J. Rice (*pro hac vice*)
                                       Sarah S. Lee (*pro hac vice*)
                                       MUNGER, TOLLES & OLSON LLP
                                       350 S. Grand Ave., 50th Floor
                                       Los Angeles, CA 90071
                                       (213) 683-9100
                                       gregory.stone@mto.com
                                       adam.lawton@mto.com
                                       vincent.ling@mto.com
                                       rowley.rice@mto.com
                                       sarah.lee@mto.com

                                       Blanca F. Young (*pro hac vice*)
                                       MUNGER, TOLLES & OLSON LLP
                                       560 Mission St., 27th Floor
                                       San Francisco, CA 94105
                                       (415) 512-4000
                                       blanca.young@mto.com

Gregory H. Lantier
David L. Cavanaugh (*pro hac vice*)
R. Gregory Israelsen (*pro hac vice*)
Gerard A. Salvatore (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
gregory.lantier@wilmerhale.com
david.cavanaugh@wilmerhale.com
greg.israelsen@wilmerhale.com
jerry.salvatore@wilmerhale.com

Andrew J. Danford (*pro hac vice*)
Monica Grewal (*pro hac vice*)
Jeannette P. Leopold (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
andrew.danford@wilmerhale.com
monica.grewal@wilmerhale.com
jeannette.leopold@wilmerhale.com

Derek Gosma (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
350 South Grand Ave., Suite 2100
Los Angeles, CA 90071
(213) 443-5308

*Attorneys for Defendant PNC Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 2, 2022, I caused a copy of **PNC Bank, N.A.'s Opposition to United Services Automobile Association's Motion to Strike Portions of the Opening Expert Report of Christopher Vellturo** to be served electronically on counsel of record for Plaintiff United Services Automobile Association.

*/s/ Melissa R. Smith*