**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange,

Plaintiff,

vs.

PNC BANK N.A.,

Defendant.

Civil Action No. 2:20-cv-319-JRG (Lead)
No. 2:21-cv-110-JRG

JURY TRIAL DEMANDED

**USAA'S OPPOSITION TO PNC'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT REGARDING VERSION 4.20.1 OF THE PNC MOBILE APP**

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. RESPONSE TO STATEMENT OF ALLEGED MATERIAL FACTS .......... 1

III. ARGUMENT .......... 2

A. Version 4.20.1 is Not an Accused Product in this Case .......... 2

B. The Current Record Establishes That 4.20.1 Infringes the ’571 and ’779 Patents .......... 5

C. Prosecution History Estoppel Does Not Bar Equivalents as to the ’559 Patent .......... 7

1. Prosecution of the “compare” element. .......... 8

2. There is No Basis for Applying Prosecution History Estoppel .......... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
435 F.3d 1356 (Fed. Cir. 2006)....................4

*Astrazeneca AB v. Apotex Corp.*,
782 F.3d 1324 (Fed. Cir. 2015)....................3

*Biagro Western Sales, Inc. v. Grow More, Inc.*,
423 F.3d 1296 (Fed. Cir. 2005)....................9

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*,
135 F. Supp. 3d 970 (D. Minn. 2015)....................7

*DataTreasury Corp. v. Wells Fargo & Co.*,
2011 WL 8810604 (E.D. Tex. Aug. 2, 2011)....................4

*Elantech Devices Corp. v. Synaptics, Inc.*,
2008 WL 4058722 (N.D. Cal. Aug. 27, 2008)....................2

*Finjan, Inc. v. Secure Comput. Corp.*,
626 F.3d 1197 (Fed. Cir. 2010)....................5, 6

*Fox Grp., Inc. v. Cree, Inc.*,
700 F.3d 1300 (Fed. Cir. 2012)....................2

*Hilgraeve Corp. v. Symantec Corp.*,
265 F.3d 1336 (Fed. Cir. 2001)....................6

*Plant Equip., Inc. v. Intrado, Inc.*,
2012 WL 12903709 (E.D. Tex. Feb. 1, 2012)....................2

*ResQNet.com, Inc. v. Lansa, Inc.*,
828 F. Supp. 2d 688 (S.D.N.Y. 2011)....................4

*Saint Lawrence Commc'ns LLC v. Apple Inc.*,
2017 WL 4791782 (E.D. Tex. Oct. 24, 2017)....................4

*Sextant Avionique, S.A. v. Analog Devices, Inc.*,
172 F.3d 817 (Fed. Cir. 1999)....................9

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
883 F.2d 1573 (Fed. Cir. 1989)....................3

**Page(s)**

*Team Worldwide Corp. v. Academy, Ltd.*,
2021 WL 1897620 (E.D. Tex. May 3, 2021)....................5

*TQ Delta LLC v. Adtran, Inc.*,
2021 WL 1200595 (D. Del. Mar. 30, 2021)....................7

**Rules**

Fed. R. Civ. P. 56(a)....................5

## I. INTRODUCTION

PNC's motion for summary judgment that version 4.20.1 of its mobile app does not infringe the '571, '779, '432, '605, and '681 Patents, and does not infringe the '559 Patent under the doctrine of equivalents, should be denied for two reasons. First, it is not directed to a proper subject for adjudication because version 4.20.1 is not an accused product in this case. The only potential relevance of version 4.20.1 is as an alleged non-infringing alternative. As addressed in USAA's co-pending motion for summary judgment, it is not a non-infringing alternative as a matter of law because there is unrebutted evidence that it infringes other USAA Patents. Dkt. 326. Second, the significant evidence that version 4.20.1 infringes at least the '571, '779, and '559 Patents creates a genuine dispute.

## II. RESPONSE TO STATEMENT OF ALLEGED MATERIAL FACTS

1: Disputed. Additional facts: [redacted]

2: Disputed. Additional facts: USAA's expert Dr. Conte provides additional independent analysis of the '779 Patent. *E.g.* Ex. 1 (Conte Rpt.) at ¶¶ 360-378.

3: This is not a material fact because version 4.20.1 is not an accused product, [redacted]

4: Disputed. Additional facts: USAA's original 2006 claims in a related application contained this element, as discussed further below. Ex. 6 ('227 File History).

5: Disputed. Additional facts: The remarks accompanying the June 6, 2019 Second Preliminary Amendment explain: "Claims 1-40 . . . are cancelled without prejudice or disclaimer. Claims 41-70 are added as new claims. New claims 41-70 are supported by the original disclosure, and no new matter has been added." Ex. 7B ('559 File History) at USAA_PNC00006691.

6: Undisputed that Claim 77 was added, but immaterial because no new limitation was added; it was merely a method mirror-image of existing claim 41. Ex. 7C ('559 File History) at USAA_PNC00006835 ("New independent method claim 77 corresponds to elected claim 41").

7: Disputed. Additional facts: The examiner's notice of allowance included an examiner's amendment and remarks. Ex. 7C ('559 File History) at USAA_PNC00006849-6850.

## III. ARGUMENT

### A. Version 4.20.1 is Not an Accused Product in this Case

The scope of a patent infringement case is defined by the Plaintiff and is limited to products that are accused. *See Plant Equip., Inc. v. Intrado, Inc.*, 2012 WL 12903709, at *2 (E.D. Tex. Feb. 1, 2012) ("infringement contentions will frame the scope" of the case and "allow the case to take a clear path to trial'). A defendant may not expand the case to address un-accused products or unasserted claims, because there is no case or controversy as to such issues. *See Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308 (Fed. Cir. 2012) (reversing summary judgment because "There was no case or controversy with respect to the unasserted claims at the time of the summary judgment motions; therefore the district court did not have jurisdiction over the unasserted claims"); *Elantech Devices Corp. v. Synaptics, Inc.*, 2008 WL 4058722, at *1 (N.D. Cal. Aug. 27, 2008) (rejecting defendant' attempt to interject "new source code . . . not accused of infringement" at summary judgment, because "the new source code is not at issue" and "the Court does not intend to make any rulings with respect to such code").

Here, PNC waited to disclose its re-designed version 4.20.1 until May 27, 2021, eight months after USAA filed this case and months after PNC claims to have begun development, and then further delayed in providing critical discovery. *See* Dkt. 133 at 5-6. PNC's delayed disclosure made it impossible for version 4.20.1 to be adjudicated in this case and, as a result, USAA filed a separate case (Case No. 2:21-cv-246).



Because version 4.20.1 is not an accused product in this case, USAA's experts have limited their infringement and damages analysis to whether it is an available, non-infringing alternative. Ex. 1 (Conte Rpt.) at ¶ 192; Ex. 9 (Kennedy Rpt.) at ¶ 108

Under settled Federal Circuit precedent (and as addressed in USAA's co-pending motion at Dkt. 326), a proposed alternative that is covered by other patents is not "available" and thus cannot be an NIA. Thus, even if version 4.20.1 does not infringe one or more individual patents, that could not establish it as an NIA. *See, e.g.*, *Astrazeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340-41 (Fed. Cir. 2015) (alleged non-infringing alternative not "available" because it would infringe third party patents); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1578 (Fed. Cir. 1989) (absence of non-infringing substitutes established where defendants "were likely infringers of one or the other of State's patents").

"[T]he burden of proving availability of a non-infringing alternative falls on the infringer." PNC. *DataTreasury Corp. v. Wells Fargo & Co.*, 2011 WL 8810604, at *13 (E.D. Tex. Aug. 2, 2011). As addressed in USAA's motion for summary judgment, USAA presented evidence that Version 4.20.1 infringes at least the Patents asserted in the -246 action, and PNC disclosed no evidence in response. Dkt. 326 at 3–7.

In short, PNC's motion does not address the issue that is actually part of this case – whether version 4.20.1 was an available NIA for damages purposes. Rather, PNC seeks an advisory opinion that it is non-infringing as to certain individual Patents-in-Suit. As this Court and the Federal Circuit have previously held, it is not appropriate for PNC to forcibly inject its "design around" into this case and demand an adjudication of whether it infringes. For example, in *Saint Lawrence Commc'ns LLC v. Apple Inc.*, 2017 WL 4791782 (E.D. Tex. Oct. 24, 2017) defendant "began developing a design-around to avoid any potential infringement" "after this case was filed." *Id.* at *1. The Court found "'no requirement' that plaintiffs preemptively rebut defendant's potential non-infringing alternative in their Infringement Contentions." *Id.* at *2. Similarly, in *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356 (Fed. Cir. 2006), the Federal Circuit held that where defendant engaged in a "re-design process" and released a different product, a separate lawsuit was required. *Id.* at 1362; *see also ResQNet.com, Inc. v. Lansa, Inc.*, 828 F. Supp. 2d 688, 698 (S.D.N.Y. 2011) ("[I]f ResQNet chooses to pursue an infringement claim against the redesigned NewLook, it must do so in a separate action."). In sum,

PNC's attempt to adjudicate whether version 4.20.1 infringes individual patents is not a proper basis for summary judgment. Fed. R. Civ. P. 56(a) (summary judgment limited to a "claim or defense" or part thereof); *Team Worldwide Corp. v. Academy, Ltd.*, 2021 WL 1897620, at *7 (E.D. Tex. May 3, 2021) (denying motion as "not a proper summary judgment motion under Fed. R. Civ. P. 56" where claims or defense was not implicated and "request is akin to a declaratory judgment").

**B. The Current Record Establishes That 4.20.1 Infringes the '571 and '779 Patents**

Even if this Court were to allow PNC to inject a new accused product into the case, PNC's motion should also be denied for the independent reason that there is at least a genuine dispute that version 4.20.1 infringes the '571 and '779 Patents. Claim 1 of the '571 Patent recites:

> 1. A non-transitory computer-readable medium comprising computer-readable instructions for depositing a check that, when executed by a processor, cause the processor to:
> monitor an image of the check in a field of view of a camera of a mobile device with respect to a monitoring criterion to using an image monitoring and capture module of the mobile device:
> capture the image of the check with the camera when the image of the check passes the monitoring criterion;
> and provide the image of the check from the camera to a depository via a communication pathway between the mobile device and the depository.

Ex. 10. Claim 1 of the '779 Patent similarly claims a "system for depositing a check, comprising: a mobile device having a camera, a display and a processor, wherein the processor is configured to . . . " Ex. 10 ('571 Patent); Ex. 11 ('779 Patent). Neither claim requires actual performance of the limitations; they are drawn to capability (i.e., a computer-readable medium containing instructions that when executed would be capable of performing the elements, or a system with the required configuration).

The Federal Circuit has explained that where "the claims at issue are 'system' and 'storage medium' claims, [they] do not require the performance of any method steps." *Finjan, Inc. v. Secure Comput. Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010). Rather, "to infringe a claim that recites capability and not actual operation, an accused device 'need only be capable of operating' in the described mode." *Id.* In *Finjan*, the accused product was still infringing because the infringing code was "'present'

in Defendants' accused products when sold," even though deactivated. *Id.* at 1205; *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001) ("an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation").





[redacted] This argument lacks merit. *E.g.*, *TQ Delta LLC v. Adtran, Inc.*, 2021 WL 1200595, at *5 (D. Del. Mar. 30, 2021) (summary judgment of infringement) ("Functions of the claimed invention are written in the underlying source code. Turning certain functions on or off (e.g. enabling or disabling Dynamic D) does not require modification to the code."); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 135 F. Supp. 3d 970, 987 (D. Minn. 2015) (denying summary judgment of non-infringement where "the accused devices are sold with the capability of being operated in an infringing manner. Because enabling a products' inherent capability is not a modification, Gatekeeper's argument fails").[1]

### C. Prosecution History Estoppel Does Not Bar Equivalents as to the '559 Patent

[redacted]

[1] PNC also argues in a footnote that "the Court should deem USAA to have admitted PNC's requests for admission" regarding the '571 and '779 Patents because the Court allegedly directed USAA to answer "those RFAs at the time rebuttal expert reports were due." Mot. at 5 fn. 3. To the contrary, the Court ordered that "***after*** USAA's expert definitively determines whether the new PNC product reads on the asserted claims by way of a rebuttal report, USAA shall unequivocally answer the discovery requests at issue." Dkt. 279, at 2 (emphasis added). USAA complied with the Court's order and supplemented its Reponses after rebuttal reports were exchanged, and USAA's supplemental responses unequivocally denied PNC's requests for admission with respect to the '571 and '779 Patents. Ex. 14 ("USAA further responds as follows: Denied.").

[redacted]

### 1. Prosecution of the "compare" element.

The '559 Patent is a continuation of application No. 11/591,247, which is related to application No. 11/590,974 (filed the same day) and issued as U.S. Patent No. 8,708,227. Ex. 12 ('227 Pat.) at 1:6-14 (stating on its face that it is "related by subject matter to U.S. patent application Ser. No. . . . 11/591,247 . . . all filed on even date herewith and also entitled "Systems and Methods for Remote Deposit of Checks.""). The original claims of the '227 Patent included the limitations "receiving from a customer-controlled general-purpose computer an identification of . . . an amount of said check" and "comparing said amount of said check to an amount determined by performing Optical Character Recognition (OCR) on said image of said front side of said check." Ex. 6 ('227 Oct. 31, 2006 Claims) at USAA_PNC00301971-301972.

USAA filed the application for the '559 Patent on April 11, 2019. Ex. 7A ('559 File History) at USAA_PNC00006561-6604. On June 4 and 6, 2019, before any examination of the application, USAA filed preliminary amendments cancelling the claims and adding new claims. *Id.* at USAA_PNC00006673-6682; USAA_PNC00006691-6698. New claim 41 contained the limitation "determine an amount for the remote deposit of the check based on the optical character recognition applied to the digital image; compare the determined amount against a customer-entered amount." *Id.* at USAA_PNC_00006692. The remarks accompanying both preliminary amendments specifically stated they were made "without prejudice or disclaimer" and that the claims "are supported by the original disclosure, and no new matter has been added." *Id.* at USAA_PNC00006691.

On August 26, 2019, the examiner required USAA to make an election/restriction to one of four inventions, with group one being "I. Claims 41-42, drawn to apply compare the determined amount against a customer-entered amount." Ex. 7C ('559 File History) at USAA_PNC00006723-6727. USAA elected "to proceed with Group I, without traverse." *Id.* at USAA_PNC00006829-6835.

The limitation "compare the determined amount against a customer-entered amount" remained in Claim 41 as previously drafted. *Id.* at USAA_PNC00006830. Claim 77 (now Claim 10), was simply added to be the mirror image method claim. *Id.* at USAA_PNC00006835. The examiner allowed the claims on December 9, 2019. *Id.* at USAA_PNC00006838-6851. The reasons for allowance did not identify the "compare" amounts element as a basis for overcoming the prior art. *Id.*

**2. There is No Basis for Applying Prosecution History Estoppel**

Even if the limitation "compare the determined amount against a customer entered amount" were a narrowing amendment (and it was not), the entire record makes clear that it was not added for a reason related to patentability. As discussed above, this limitation was not added to overcome prior art. PNC cites no case where a limitation was deemed to be added for a reason related to patentability where it was (1) present in the original claims of an earlier application in the patent family and (2) then added to a continuation in a preliminary amendment. The only cases it cites concern amendments specifically to overcome a rejection. *See Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1306 (Fed. Cir. 2005) (amendment "to overcome a prior art obviousness rejection"); *Sextant Avionique, S.A. v. Analog Devices, Inc.*, 172 F.3d 817, 828 (Fed. Cir. 1999) (amendment following rejection).



But as discussed above, the prosecution history discloses the exact source of this limitation (the original claims).

Respectfully submitted,

Dated: February 4, 2022

*/s/ Robert Christopher Bunt*

Jason G. Sheasby (CA #205455) (*Pro Hac Vice*)
Lead Attorney
Lisa S. Glasser (CA #223406) (*Pro Hac Vice*)
Rebecca L. Carson (CA #254105) (*Pro Hac Vice*)
Stephen M. Payne (CA#310567) (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel.: (310) 203-7096
Fax: (310) 203-7199
jsheasby@irell.com
lglasser@irell.com
rcarson@irell.com
spayne@irell.com
Robert Christopher Bunt
PARKER, BUNT & AINSWORTH, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF UNITED SERVICES AUTOMOBILE ASSOCIATION**

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 4, 2022 a copy of the foregoing was served to all counsel of record.

*/s/Robert Christopher Bunt*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/Robert Christopher Bunt*