# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>    Plaintiff,<br><br>        v.<br><br>**PNC BANK, N.A.,**<br><br>    Defendant. | Civil Action No. 2:20-cv-00319-JRG (LEAD CASE)<br><br>Civil Action No. 2:21-cv-00110-JRG |

**DEFENDANT PNC BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT REGARDING VERSION 4.20.1 OF THE PNC MOBILE APP**

I.  **Introduction**

PNC's and USAA's competing motions concerning whether PNC's version 4.20.1 is a noninfringing alternative ("NIA"), and whether PNC may present 4.20.1 as an NIA at trial, demonstrate that resolution of these issues is appropriate for summary judgment.

The Court should grant PNC's motion. For the '432, '605, and '681 patents, USAA does not even contest noninfringement. For the '571 and '779 patents, USAA relies on immaterial facts. For the '559 patent, USAA's attempt to avoid prosecution history estoppel misapprehends and misapplies the legal standard.

II. **Argument**

A.  **PNC's motion is ripe for resolution**

Whether 4.20.1 is an NIA is appropriate for summary judgment. Indeed, USAA brought its own motion on the issue. Courts routinely entertain summary judgment motions concerning predicate facts relevant to damages. *See, e.g., Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 2019 WL 2164090, at *12 (S.D. Ohio May 17, 2019) (considering on summary judgment whether defendant's NIAs were available). Whether 4.20.1 infringes the asserted patents is a predicate fact because the reasonable royalty may be influenced by the "cost of implementing non-infringing alternatives." *See Open Text S.A. v. Box, Inc.*, 2015 WL 393858, at *3 (N.D. Cal. Jan. 29, 2015). That version 4.20.1 is not "accused" in this case does not matter. *See* Dkt. 363.

B.  **Version 4.20.1 does not infringe the '432, '605, or '681 patents**

USAA does not contest PNC's motion as to the '432, '605, or '681 patents.

C.  **Version 4.20.1 does not infringe the '571 or '779 patents**

Summary judgment that 4.20.1 does not infringe the "auto capture" patents is warranted because USAA's expert (1) admitted that 4.20.1 in its default configuration does not infringe, and (2) offered no opinion that users have the capability of re-enabling "auto capture." USAA concedes

1

that there is no infringement unless the software is "capable of operating" in the allegedly patented mode. Opp. at 5. USAA's expert's admissions conclusively establish that 4.20.1 is not capable of operating in the auto capture mode.

Whether PNC could re-enable the auto capture feature is of no relevance to this motion. End users cannot run "auto capture." USAA's suggestion that the focus of infringement is not on end-user capability, but on PNC's ability to alter the code, is not supported by USAA's authorities. In *TQ Delta LLC v. Adtran, Inc.*, 2021 WL 1200595 (D. Del. Mar. 30, 2021), the accused software infringed because "the user could activate" the patented feature. *Id.* at *6. And in *Dane Technologies, Inc. v. Gatekeeper Systems, Inc.*, 135 F. Supp. 3d 970 (D. Minn. 2015), the court denied summary judgment of noninfringement because users could "adjust[] the parameters" of the accused device to make it operate in an infringing manner "without modifying the underlying code." *Id.* at 987. Here, unlike in *TQ Delta* and *Dane*, users undisputedly *cannot* activate auto-capture, and re-enabling auto-capture undisputedly *would* require PNC to modify its source code: Dr. Bovik explained that PNC's source code for 4.20.1 forces the check capture interface to run only in manual capture mode, PNC Ex. 1 (Dkt. 319-2) ¶ 318; and Dr. Conte offers no opinion that customers could "flip a switch to turn back on auto-capture," PNC Ex. 3 (Dkt. 319-4) at 109:2-9. That makes all the difference. The Court should grant summary judgment.

D.   **For the '559 patent, prosecution history estoppel bars equivalents**

Prosecution history estoppel bars a finding of equivalence for a claim limitation when a three-step test is met: (1) an amendment narrowed the limitation's literal scope during prosecution, (2) the reason for the amendment related to patentability, and (3) the patentee does not rebut the resulting presumption that it surrendered equivalents. Prosecution history estoppel applies here.

***Step 1***—During prosecution of the '559 patent, USAA indisputably narrowed all of its claims to require a step to "compare the determined amount against a customer-entered amount."

2

USAA's argument to the contrary, which focuses on the fact that certain dependent claims in the parent application to the '559 patent, no. 11/590,974, had required a similar step (*see* Opp. at 8-9), is beside the point. The scope that USAA surrendered, and thus the scope subject to estoppel, is the subject matter ***between*** the original broader claims that lacked the "compare" limitation, and the narrowed claims that included that limitation. Amending an independent claim to incorporate an element previously found in a dependent claim, or rewriting a dependent claim into independent form, constitutes narrowing that gives rise to prosecution history estoppel. *See, e.g.*, *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 261 F.3d 1345, 1350 (Fed. Cir. 2001); *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*, 757 F.2d 255, 260 (Fed. Cir. 1985).

*Step 2*—USAA has not met its burden to show that its narrowing amendment was for a purpose unrelated to patentability. USAA has not even suggested, much less proved, a different purpose. Indeed, it does not cite *any* case in which *any* narrowing amendment was found to have been for a purpose unrelated to patentability. Whether the claim limitation was "added to overcome prior art" (Opp. at 9) is not the relevant issue because "amendments made for reasons other than to avoid prior art and voluntary amendments can give rise to prosecution history estoppel." *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 272 F.3d 1365, 1377 (Fed. Cir. 2001). It also does not matter whether "PNC identifies [any] evidence that the 'compare' limitation was added for reasons related to patentability" (Opp. at 10) because PNC has no burden to do so. A purpose related to patentability is presumed. USAA must point to evidence to show otherwise. It has not.

*Step 3*—USAA makes no argument that it can rebut the estoppel presumption by showing unforeseeability, a tangential relation, or "some other reason."

## III. Conclusion

PNC's motion for partial summary judgment should be granted.

3

Dated: February 10, 2022

Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
GILLAM SMITH LLP
303 S. Washington Ave.
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

Gregory P. Stone (pro hac vice)
Peter E. Gratzinger (pro hac vice)
Adam R. Lawton (pro hac vice)
Grant A. Davis-Denny (pro hac vice)
Vincent Y. Ling (pro hac vice)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
(213) 683-9100
gregory.stone@mto.com
peter.gratzinger@mto.com
adam.lawton@mto.com
grant.davis-denny@mto.com
vincent.ling@mto.com

Blanca F. Young (pro hac vice)
Peter A. Detre (pro hac vice)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
(415) 512-4000
blanca.young@mto.com
peter.detre@mto.com

Gregory H. Lantier (pro hac vice)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
gregory.lantier@wilmerhale.com

Andrew J. Danford (pro hac vice)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
andrew.danford@wilmerhale.com

Derek Gosma (pro hac vice)
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Ave., Suite 2100
Los Angeles, CA 90071
(213) 443-5308
derek.gosma@wilmerhale.com

*Attorneys for Defendant PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served by the ECF system on February 10, 2022.

/s/ <i>Melissa R. Smith</i>