**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | ) ) ) | |
| | ) | Civil Action No. 2:20-cv-319-JRG (Lead) |
| Plaintiff, | ) | No. 2:21-cv-110-JRG |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| PNC BANK N.A., | ) | ████████████████ |
| | ) | |
| Defendant. | ) | |
| | ) | |

## USAA'S MOTIONS *IN LIMINE* NOS. 1-21

11069789

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*,
  759 F.3d 1285 (Fed. Cir. 2014)...................................................................................................15

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
  410 F.3d 701 (Fed. Cir. 2005)....................................................................................................13

*All. for Good Gov't v. Coalition for Better Gov't*,
  901 F.3d 498 (5th Cir. 2018).......................................................................................................11

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
  2017 WL 119633 (E.D. Tex. Jan. 12, 2017) ...............................................................................5

*Caruso v. Solorio*,
  2020 U.S. Dist. LEXIS 245841 (E.D. Cal. Dec. 30, 2020) ........................................................5

*CFMT, Inc. v. Yieldup Int'l Corp.*,
  349 F.3d 1333 (Fed. Cir. 2003).................................................................................................8, 9

*Eli Lilly & Co. v. Sicor Pharms., Inc.*,
  705 F. Supp. 2d 971 (S.D. Ind. 2010).........................................................................................9

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
  2017 WL 959592 (E.D. Tex. Mar. 13, 2017)............................................................................15

*Goldenson v. Steffens*,
  94 Fed. R. Evid. Serv. 1231 (D. Maine 2014) ...........................................................................6

*GREE, Inc. v. Supercell Oy*,
  2021 WL 1669800 (E.D. Tex. Apr. 28, 2021)...........................................................................14

*Indivior UK Ltd. v. Dr. Reddy's Labs. S.A.*,
  18 F.4th 1323 (Fed. Cir. 2021) .................................................................................................12

*Kolmes v. World Fibers Corp.*,
  107 F.3d 1534 (Fed. Cir. 1997)..................................................................................................7

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012)......................................................................................................6

*Lucent Techs, Inc. v. Newbridge Networks Corp.*,
  168 F. Supp. 2d 181 (D. Del. 2001)............................................................................................4

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ................................................................................13

*Sparton Corp. v. United States*,
   89 Fed. Cl. 196 (Fed. Cl. 2009) .................................................................................7

*SSL Servs., LLC v. Citrix Sys., Inc.*,
   769 F.3d 1073 (Fed. Cir. 2014) ...............................................................................13

*Streck, Inc. v. Research & Diagnostic Sys.*,
   2010 WL 3926059 (D. Neb. Sept. 30, 2010) ...........................................................9

*TracBeam L.L.C. v. AT&T Inc.*,
   2013 WL 6175372 (E.D. Tex. Nov. 25, 2013) .........................................................6

*United States v. Sanders*,
   749 F.2d 195 (5th Cir. 1984) ...................................................................................11

*Wi-LAN v. Sharp Elecs. Corp.*,
   992 F.3d 1366 (Fed. Cir. 2021) ...............................................................................11

**Statutes**

35 U.S.C. § 1.56(b) ..........................................................................................................15

**Rules**

Fed. R. Civ. P. 37 ..............................................................................................................5

Fed. R. Civ. P. 37(e) ..........................................................................................................4

Fed. R. Evid. 402 ........................................................................................................6, 14

Fed. R. Evid. 403 ............................................................................................4, 6, 10, 14

**Other**

MPEP § 2128 ....................................................................................................................12

**MIL No. 1**.   PNC should not be permitted to present at trial any argument or evidence regarding PNC's state of mind on questions of infringement, validity or willfulness. PNC instructed its witnesses ███████████████████████████████████████████████████████████

███████████████████████████████ ███████████████████████████████████████

██████████ ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

PNC similarly blocked questioning about ███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████   Nor did PNC assert a defense under Patent Rule 3-7, instead choosing to stand behind privilege.

**MIL No. 2**.   There should be no suggestion that either USAA or PNC's MRDC system relies on any third-party patent, nor reference to any specific third-party patent unless it is Section 102 art.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████ The sole effect of

discussing third party patents would be to confuse the jury.

This prohibition should include patents ██████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████ USAA's motions to strike address what

use experts can ██████████████████████ *Id.*; *see also* Dkt. 317 at 3–4, Dkt. 316 at 3–5.

**MIL No. 3.**   PNC should be precluded from asking USAA fact witnesses whether they perform freedom to operate analysis when USAA launches new products, such as MRDC. *See, e.g.,* Ex. 7 (Morris Dep. Tr.) 44–46. This question improperly suggests to the jury that there are third party patents that cover USAA's systems. As noted in MIL No. 2, there is no evidence of this in the record. The testimony also attempts to suggest that USAA's behavior pre-suit as to PNC's patents was improper. Once again, this is irrelevant. PNC does not accuse USAA of pre-suit willfulness for PNC's counterclaims. ████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ PNC will no doubt complain that it wants to establish that doing freedom to operate searches are not standard in the industry to excuse its pre-suit behavior. What steps the "industry" does or does not take is irrelevant. This is because PNC ██

████████████████████████████████████████████████████

██████████████████████████████ Discussing "industry" behavior not to do a search would therefore be irrelevant, and would open the door to the fact that ██████████

███████████████████████████████████████ Finally, generalized statements about behavior in the industry is not probative because ██████████████████

████████████████████████████████████████████████████

██████████████████████████████

**MIL No. 4.**   PNC should be precluded from presenting argument or evidence suggesting that USAA copies industry competitors. ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

11069789

███████████████████████████████████████████████████████████████████

███████████████████████. First, the document PNC used in cross-examination is not a document created by USAA, it is a hearsay document created by a third party. PNC did not depose the USAA employee who received the document or who was its custodian and therefore has established no foundation as to what was done with this statement. Second, any arguments or insinuations concerning alleged copying by USAA are irrelevant. PNC has raised no allegation that USAA copied PNC's products or patents. Indeed, PNC has not raised any allegation of pre-suit willfulness as to PNC's patents. The obvious purpose of PNC's examination ████████████████ is to minimize the

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████. This is not a proper purpose, PNC cannot raise a state of mind defense against USAA's case of pre-suit willfulness because it has declined to waive privilege. *Lucent Techs, Inc. v. Newbridge Networks Corp.*, 168 F. Supp. 2d 181, 261-62 (D. Del. 2001). And generalized statements about behavior in the industry are not probative because PNC's interrogatory response █████████████████████████████████

██████████████████████████████████████████████████

**MIL No. 5.** Mr. Bueche is an inventor of USAA's Autocapture Patents who now works at Silicon Valley Bank ("SVB"). At deposition, █████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████ None of this is in evidence and FRE 403 demands exclusion.

**MIL No. 6.**  PNC should be precluded from presenting any arguments or evidence related to any alleged USAA failure to preserve documents. PNC filed a motion accusing USAA of alleged spoliation. *See* Dkt. 252 at 1–2, 12. This court denied the motion in its entirety finding "USAA's

conduct did not rise to a level of bad faith as required by Fed. R. Civ. P. 37(e) and that there was no anticipation of litigation." Dkt. 279 at 2. Given the Court's express holding that USAA did not engage in spoliation, PNC should not be permitted to present any accusation of spoliation or inadequate document preservation. *See Caruso v. Solorio*, 2020 U.S. Dist. LEXIS 245841, *28–29 (E.D. Cal. Dec. 30, 2020).[1]

**MIL No. 7**.  PNC should be precluded from calling at trial witnesses it failed to produce for deposition. First, PNC failed to produce its paid consultant James Gashel for deposition during the discovery period. USAA requested that PNC produce Mr. Gashel for deposition on October 1, 2021, over six weeks before the close of discovery. Ex. 14. PNC did not respond regarding Mr. Gashel until nearly a month later, when it represented that he was traveling internationally and unavailable during the remainder of discovery. PNC ultimately did not produce Mr. Gashel for deposition, but nonetheless has identified him on its trial witness list. PNC will doubtless argue that it offered to produce Mr. Gashel after discovery closed, and recently offered to produce him for deposition in discovery in March in the additional case pending against PNC, Case No. 2:21-cv-246. But this tactic does not ameliorate any prejudice in ***this*** case, because expert discovery has closed and USAA had no ability to take into account Mr. Gashel's testimony when preparing its expert reports.

Second, PNC identifies Carlos Olsson as a "may call" trial witness. USAA noticed Carlos Olsson's deposition during discovery, but PNC represented he was a third party residing in Spain, claimed PNC did not represent him, and that PNC had no ability to make him appear. Ex. 15. PNC has refused to disclose any communications with him, even though they are not privileged. *Id.* PNC should not be permitted to ambush USAA with these witnesses at trial. Fed. R. Civ. P. 37.

---

[1] To the extent PNC argues this evidence is relevant to unclean hands, USAA has moved for summary judgment on PNC's unclean hands defense. Dkt. 321. Further, there is no basis to present unclean hands evidence to the jury because unclean hands is an "equitable issue[] for the Court to decide." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, 2017 WL 119633, at *6 n.2 (E.D. Tex. Jan. 12, 2017).

**MIL No. 8**.  USAA seeks an order precluding PNC from presenting evidence or argument related to USAA's licensing negotiations or communications with third party banks that did not result in licenses. First, any statements made by these banks are hearsay. Second, PNC's damages expert Dr. Vellturo expressly rejects a comparable license approach, concluding that ███████████████████ ████████████████████████████████████████████ Because these negotiations and letters are admittedly not comparable, they are irrelevant and inadmissible. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012). Nor can these discussions and negotiations be admitted as "background." "[I]rrelevant financial information is still not admissible even when used as a 'check' for an otherwise proper reasonable royalty analysis" and would "create a prejudicial effect upon the jury." *TracBeam L.L.C. v. AT&T Inc.*, 2013 WL 6175372, at *5 (E.D. Tex. Nov. 25, 2013).

**MIL No. 9.** PNC should be precluded from arguing any third-party entity, including ████ ██████, is liable for PNC's infringement or is indemnifying PNC. PNC has represented in discovery responses that █████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████ 4. Fed. R. Evid. 402, 403; *Goldenson v. Steffens*, 94 Fed. R. Evid. Serv. 1231, 1231 (D. Maine 2014) (excluding evidence of indemnification agreement as "not relevant to any trial issue").

**MIL No. 10**.  PNC's questioning of USAA's witnesses and exhibit list demonstrate that it intends to try and introduce evidence regarding consent decrees and regulatory inquiries involving USAA. For example, ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

██████████████████████████████████████████████████

████████. And if they did, any prejudice would far outweigh the probative value. For example, Consent Order AA-EA-2018-90 addresses "[USAA's] compliance management system, risk governance framework, and information technology ('IT') program." *Id.* at 1. The Order does not address MRDC, and any tangential relevance is outweighed be prejudice.

**MIL No. 11.** PNC should precluded from examining any fact witness on the West Virginia Credit Union ("WVCU") or Movilcheck systems, or the "Garcia-Verdugo" application.

***WVCU***: (1) This "system" is not an elected prior art reference. Ex. 18 (PNC Suppl. Election of Prior Art). (2) The WVCU "system" is not identified as an NIA in any PNC discovery response. Ex. 10 (PNC Sixth Suppl. Resp. to Interrogatory No. 12). (3) Further, the only evidence of the WVCU system is an unauthenticated hearsay print out from a blog. Ex. 19 (DX-0853, DX-1468). *Kolmes v. World Fibers Corp.*, 107 F.3d 1534, 1542 (Fed. Cir. 1997) (excluding evidence of alleged prior art that "were hearsay and were not within the business records exception to the hearsay exclusion").

***Movilcheck***: (1) The Movilcheck "system" is not an elected prior art reference. Ex. 18 (PNC Suppl. Election of Prior Art). (2) PNC contends Movilcheck was offered in Spain by Bankinter, S.A. Movilcheck is not prior art to the USAA Patents in this case, because for pre-AIA Patents, "prior use in a foreign country is not prior art for the purpose of determining obviousness under section 103." *Sparton Corp. v. United States*, 89 Fed. Cl. 196, 211 (Fed. Cl. 2009). (3) The only evidence of the Movilcheck system is an unauthenticated hearsay from a blog. Ex. 20 (DX-0368, DX-0668, DX-0671, DX-0918). (4) PNC disclaimed any knowledge that the system existed or of the blog document. Specifically, PNC moved to amend its invalidity contentions to add the document and a patent application it claims is related by arguing that it could not have included them earlier because PNC did not know there was any remote deposit technology in Spain and its searches had not identified it. Dkt. 89-1 at 1–2. (5) The Movilcheck system similarly is not identified as an NIA in any PNC

disclosure. PNC identified



***Garcia-Verdugo Application:*** No PNC witness had pre-suit knowledge of this patent application, as evidenced by PNC's representations to the Court as to why it was not timely disclosed. Dkt. 89-1.

What use, if any, experts can make of these references is dealt with in the motions to strike.

**MIL No. 12.** PNC should be precluded through argument or examination of fact witnesses from asserting that the labor USAA expended to optimize its MRDC products for commercial launch after demonstration of successful deposit capability is evidence of non-enablement:

> Enablement does not require an inventor to meet lofty standards for success in the commercial marketplace. Title 35 does not require that a patent disclosure enable one of ordinary skill in the art to make and use a perfected, commercially viable embodiment absent a claim limitation to that effect.

*CFMT, Inc. v. Yieldup Int'l Corp.*, 349 F.3d 1333, 1338 (Fed. Cir. 2003). The Federal Circuit further held:

> The lengthy experiments at TI do not show nonenablement because the inventors undertook that work to satisfy TI's particular commercial requirements, not to show enablement of the scope of the claimed inventions. "Patents are not production documents, and nothing in the patent law requires that a patentee must disclose data on how to mass-produce the invented product. . . . Reliance on the TI data alone also betrays another error, namely that this court gauges enablement at the date of the filing, not in light of later developments. *Id.* at 1339.

For example, USAA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ Because of Apple's business policies, third party application developers were only allowed to tap into the video steams on Apple devices in July 2010 (the filing date of the patent is August 2009). Before this point an App developer would need to come to a business deal with Apple or Apple would have needed to build the App in-house. PNC should be precluded from

arguing that this is evidence of non-enablement. This is no different than the argument forbidden in *CFMT*: TI and Apple both have strict business standards for when they will allow a system to operate in their "facility." But this strict business standard is not probative of non-enablement because it is a commercial decision. *See also Eli Lilly & Co. v. Sicor Pharms., Inc.*, 705 F. Supp. 2d 971, 1010 (S.D. Ind. 2010) (commercial decision to launch "invariably complex" clinical trial costing "tens of millions of dollars" does not make experimentation undue); *Streck, Inc. v. Research & Diagnostic Sys.*, 2010 WL 3926059, at *11 (D. Neb. Sept. 30, 2010) (commercial decision based on "the practical difficulties and substantial cost" "did not show that it would require any 'undue experimentation'" to create invention). Separate motions to strike are directed to PNC's expert analysis of this issue.

**MIL No. 13.** PNC should be precluded from introducing any reference to customer comments about the performance of USAA's MRDC it has extracted from web stores. (1) Customer comments are hearsay. (2) USAA retained a specialized survey and opinion expert – Dr. Rebbecca Reed-Arthurs – to perform an expert analysis of customer comments regarding the PNC system. Mr. Kennedy analyzed, relies on and adopts this analysis. PNC concedes the reliability of this analysis by not moving to strike either Dr. Reed-Arthur's report or the relevant portion of Dr. Kennedy's report. (3) PNC experts did not perform an expert opinion and survey analysis of comments on USAA's system. They simply anecdotally reference individualized comments without authentication or establishing they are business records or a representative sampling. PNC should not be able to make an end run around basic rules of evidence by laundering these comments through examination of fact witnesses.

**MIL No. 14**. PNC should be precluded from using at trial documents manufactured for the purposes of this litigation. For example, ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████ ████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

In May 2021, long after this case was filed, PNC produced s███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

PNC has claimed that it ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

PNC should not be permitted to offer at trial as a business record cherry-picked data that it created for this litigation. Such documents are hearsay as to PNC, as they are not business records.

They are also inadmissible under Rule 403. The Fifth Circuit has spoken to the exact tactic employed by PNC in this case. In *United States v. Sanders*, 749 F.2d 195, 198 (5th Cir. 1984) the Court observed that "business records are admissible if . . . they are created for motives that tend to assure accuracy (e.g., not including those prepared for litigation)." The Fifth Circuit drew a distinction between print outs from a database in which the print out order was purely passive, and when the process for generating the output from the database involved some type of editing of the data: "[i]t is not necessary that the printout itself be ordered in the ordinary course of business, at least when the program that calls forth the data only orders it out rather than sorting, compiling or summarizing the information." *Id.* at 198; *see also Wi-LAN v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1372 (Fed. Cir. 2021) (documents "created and prepared for the purposes of litigation" were "outside the scope of the [business records] exception").

**MIL No. 15**.   USAA seeks an order barring PNC from disputing the USPTO allowed the '605 and '681 patents to claim a priority date of October 31, 2006 after considering the issue. USAA filed a summary judgment motion on this issue. *See* Dkt. 328. PNC did not dispute the material facts underlying the motion. Instead PNC solely disputed whether the motion was procedurally proper. *See* Dkt. 376 at 1. Because PNC did not contest these material facts at summary judgment, it has waived the right to contest them at trial. *All. for Good Gov't v. Coalition for Better Gov't*, 901 F.3d 498, 506 (5th Cir. 2018) ("But Coalition never developed the argument beyond that cursory statement and, by the time of the summary judgment proceedings, the issue had vanished. The argument is thus waived.")

**MIL No. 16**.   Based on a binding stipulation in the PTAB, PNC is precluded from raising any ground of invalidity at trial that it could have raised before the PTAB. The stipulation it gave states: "if this IPR is instituted, it will not advance the grounds that are raised or reasonably could have been raised in this IPR in the co-pending district court proceeding, eliminating any overlap between the IPR and the co-pending district court proceeding." Ex. 26 ('779 Pet.) at 73–74, Ex. 27 ('571 Pet.) at

83, Ex. 28 ('559 Pet.) at 89. The Board has since instituted certain of PNC's petitions as to the '779, '571, and '559 Patents, but denied other petitions. PNC should be therefore precluded from making the following invalidity arguments:

**Section 112 Written Description**: The PTAB is authorized to consider whether patent claims in a continuation application are supported by the original parent application. *See Indivior UK Ltd. v. Dr. Reddy's Labs. S.A.*, 18 F.4th 1323, 1326-27 (Fed. Cir. 2021). Because PNC could have included a ground challenging written description in the three petitions that were initiated, it is barred from raising this ground at trial.

**Section 102/103 based on printed publications**: The PTAB is authorized to consider invalidity based not just on patents and patent applications, but also on articles, product manuals, advertisements, and catalogues that satisfy certain criteria. MPEP § 2128. A review of PNC's validity report from Dr. Kia indicates that for each prior art reference in each elected ground of Section 102/103 invalidity, it relies on printed materials that it claims were publicly distributed:

| **Alleged Prior Art Reference** | **Printed Materials Relied on by Dr. Kia (Ex. 29)** |
|---|---|
| Garcia-Verdugo | |
| VX9800 | |
| KNFB Reader | |
| Jones | |
| BankServ Electronic Deposit | |
| iPAQ | |
| CAM | |
| Desktop Deposit | |
| Maeda | |
| Nepomniachtchi | |
| Samsung SCH-i910 | |
| Motorola Rokr E6 | |
| ImageNet | |

Of note, PNC does **not** rely on **any** source code for any of its prior art argument. Nor, despite its binding agreement with the PTAB, did PNC lay any foundation that the above references could not

have been presented to the PTAB.

**MIL No. 17**.  PNC fact witnesses should be precluded from testifying about the presence or absence of any claim limitation in PNC's products. PNC's corporate representative regarding "the Complete Basis for why PNC contends it does not infringe the USAA Patents-In-Suit" testified ███

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

Other PNC fact witnesses ████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████

For construed terms, the Court's construction must be applied. For plain and ordinary meaning, the POSA standard must be applied. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005). In both cases, whether PNC's accused product satisfies the proper construction requires specialized testimony, fully disclosed and subject to questioning at deposition. *See Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713–14 (Fed. Cir. 2005) (lay testimony as to "the structural

components of the accused device and to their respective functions" excluded); *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1092 (Fed. Cir. 2014) (affirming exclusion of lay "non-infringement" testimony proffered by fact witness: "[B]eliefs formed by a lay person without the benefit of the court's claim construction determinations render[s] them of little probative value and potentially prejudicial."). PNC should therefore be precluded from having any fact witness testify as to the presence or absence of any limitation of the Asserted Patents in the accused product.

**MIL No. 18**.  PNC should be precluded from referencing at trial any of the PTAB proceedings filed by PNC against USAA's Patents. PNC's IPR petitions were filed months after this case was initiated, many have not yet received an institution decision (of those that have, the PTAB has denied institution as to some patents/petitions and instituted others), and none have proceeded to a final written decision. The selected initiation of IPR proceedings is irrelevant to any issue before the jury and (especially given their preliminary stage) would only confuse the jury, cause unfair prejudice, and lead to wasteful mini-trials on the legal standards and procedures applicable to IPRs. Fed. R. Evid. 402, 403; *GREE, Inc. v. Supercell Oy*, 2021 WL 1669800, at *2–3 (E.D. Tex. Apr. 28, 2021) (excluding reference to IPRs because "there is [an] overwhelming risk of jury confusion, waste of time, and unfair prejudice by admitting all of this evidence").

**MIL No. 19**.  PNC should be precluded from presenting any argument or evidence regarding when USAA filed the claims at issue relative to when MRDC products began launching in the industry, or otherwise suggesting that continuation practice is improper. The asserted first generation MRDC patents were filed as continuation applications and claim priority to applications filed in 2006. PNC's expert on validity – in an introductory section of his report unconnected to his substantive validity analysis – asserts that ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████ USAA has moved to strike this opinion. Dkt. 314 at 4–6. Other than the fact

that the claims were not in the original application, the date when the claims were sought is not even potentially relevant to any issue before the jury. *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 2017 WL 959592, at *1 (E.D. Tex. Mar. 13, 2017) (citing *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988)) (excluding argument that it is improper the file new claims based on information obtained in the marketplace) ("First, as to Lilly's intention to offer evidence to show that the UroPep inventors took improper advantage of the patent system by devising claims designed to read on the use of Cialis for BPH, the law is clear that it is not improper for patentees to seek claims in an original or continuation application with the purpose of obtaining patent rights that would cover products that have come on the market.").

**MIL No. 20**.  PNC should be precluded from presenting any argument or evidence regarding the fact that USAA designated its applications as confidential which means they did not publish until the first patent in each family issued. PNC's expert on validity – ███████████████████████████ ████████████████████████████████████████████████████ ████████████████ The jury can be told when the parent applications became public. But the nuances of USAA's right to seek confidential treatment has no relevance to any issue. To the contrary, it suggests that USAA laid in wait or acted in an improper manner by making a confidentiality designation.

**MIL No. 21**.  PNC should be precluded from arguing to the jury that the prior art it asserts was not before the PTO.  The Federal Circuit makes clear that the issue of whether a reference was before the PTO turns not only on whether that actual reference was before the PTO, but whether a reference with a substantively similar disclosure was before the PTO. The Federal Circuit refers to this as the doctrine of "cumulativeness." *See AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1304 (Fed. Cir. 2014); 35 U.S.C. § 1.56(b). PNC has not laid a foundation via its expert reports that any of its references are non-cumulative.

Respectfully submitted,

Dated: February 22, 2022

*/s/ Robert Christopher Bunt*

Jason G. Sheasby (CA #205455) (*Pro Hac Vice*)
Lead Attorney
Lisa S. Glasser (CA #223406) (*Pro Hac Vice*)
Rebecca L. Carson (CA #254105) (*Pro Hac Vice*)
Stephen M. Payne (CA#310567) (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel.: (310) 203-7096
Fax: (310) 203-7199
jsheasby@irell.com
lglasser@irell.com
rcarson@irell.com
spayne@irell.com
Robert Christopher Bunt
PARKER, BUNT & AINSWORTH, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF UNITED
SERVICES AUTOMOBILE ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 22, 2022 a copy of the foregoing was served to all counsel of record.

*/s/ Robert Christopher Bunt*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Robert Christopher Bunt*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, counsel for USAA met and conferred with counsel for PNC on February 21, 2022. PNC does not agree with any of the Motions *in Limine* set forth above, so the parties are at an impasse at this time. However, the parties will continue to meet and confer and will advise the court promptly if any agreements are reached.

*/s/ Robert Christopher Bunt*

11069789