IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, § § § *Plaintiff*, § v. § PNC BANK N.A., § § *Defendant*. § | § § § § § **CASE NO. 2:20-CV-00319-JRG-RSP** § **(LEAD CASE)** § § § § |

### **MEMORANDUM ORDER**

Before the Court is the Motion To Exclude Expert Opinions Of Dr. Charles Creusere Regarding Conception Dates filed by Defendant PNC Bank N.A. ("PNC"). Dkt. No. 325. Having considered the briefing, the Court **DENEIS** the motion.

**I.  BACKGROUND**

In this case, Plaintiff United Services Automobile Association ("USAA") alleges that PNC infringes six patents: U.S. Patent Nos. 10,482,432 ("'432 Patent"), 10,621,559 ("'559 Patent"), 10,013,681 ("'681 Patent"), 10,013,605 ("'605 Patent"), 8,977,571 ("'571 Patent"), and 8,699,779 ("'779 Patent") (collectively, the "Asserted Patents").

On December 22, 2021, USAA served an expert report by Dr. Creusere opining that the '571 and '779 patents (the "Auto-Capture Patents") have a conception date earlier than the filing date of the respective patents and that the '432, '559, '681, and '605 patents (the "MRDC Patents") have a conception date earlier than the filing date of the application to which they ultimately claim priority. Dkt. No. 325-1. PNC seeks to strike these opinions.

## II. LEGAL STANDARD

### A. *Daubert* Standard

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although there are various factors that the district court may consider in determining admissibility the ultimate inquiry is whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial

court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### B. CONCEPTION AND CORROBORATION

"[P]riority of invention goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996) (internal quotation marks omitted). "Conception requires formation of a 'definite and permanent idea of the complete and operative invention' in the mind of the inventor." *E.I. du Pont De Nemours & Co. v. Unifrax I LLC,* 921 F.3d 1060, 1075 (Fed. Cir. 2019) (quoting *Mahurkar*, 79 F.3d at 1577).

"It is well-established that when a party seeks to prove conception via the oral testimony of a putative inventor, that party must proffer evidence corroborating that testimony." *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000) (citing *Mahurkar*, 79 F.3d at 1577; *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed.Cir.1993)). "An inventor's testimony on conception can be corroborated through several pieces of evidence, even though no one piece of evidence independently proves conception, and even circumstantial evidence, so long as the evidence supports that the inventor's story is credible. There is no particular formula required for corroboration, and instead, a rule of reason analysis applies to the evaluation of all pertinent evidence." *DuPont*, 921 F.3d at 1076 (internal quotation marks and citations omitted).

3

### III. ANALYSIS

#### A. AUTO-CAPTURE PATENTS

With respect to these patents, PNC argues that Dr. Creusere's opinions should be stricken because Dr. Creusere "relies exclusively on the testimony and documents of one of the inventors, Bharat Prasad, with no independent corroboration and is, therefore, incorrect and unreliable as a matter of law." Dkt. No. 325 at 3. With respect to the '571 Patent, Dr. Creusere opines that this patent is entitled to a conception date of July 1, 2008 and cites documents and inventor testimony to support his opinions. Dkt. No. 325-2 at ¶¶ 87-92.

PNC's arguments focus on Dr. Creusere's opinions regarding three documents and how those documents purport to corroborate the July 1, 2008 conception date; the documents are a slide presentation entitled "Deposit@Home Next Generation," Dkt. No. 325-3, and two "Invention Evaluation Forms," Dkt. Nos. 325-4,-5. Beginning with the slide presentation, PNC argues that this presentation does not relate to the claimed invention of the '571 Patent and, "given the irrelevance of this presentation," it cannot corroborate the conception date. Dkt. No. 325 at 3-4. As to the Invention Evaluation Forms, PNC argues that these forms cannot corroborate the conception date because the forms are "unsigned and unwitnessed" forms that originated from Mr. Prasad. *Id.* at 4-6.

PNC raises the same arguments regarding the Invention Evaluation Forms when seeking to strike Dr. Creusere's opinions related to the '779 Patent because Dr. Creusere also relies on the Invention Evaluation Forms to corroborate a conception date of July 1, 2008 for the '779 Patent. *Id.* at 6. In sum, PNC argues that Dr. Creusere's opinions regarding conception of the Auto-Capture Patents are not based on any legally sufficient evidence and therefore should be excluded. *Id.*

The Court finds PNC's arguments unpersuasive. Under the rule of reason analysis, "there is no particular formula" for corroboration and "no one piece of evidence independently" needs to prove conception. *DuPont*, 921 F.3d at 1076. The only requirement is that the evidence supports the credibility of the inventor's testimony. *Id.* at 1077.

Therefore, as long as Dr. Creusere can explain how a piece of evidence supports the credibility of the inventor's testimony, his opinion is relevant to the issue of conception and reliable enough to be admissible under Rule 702. If PNC disagrees with Dr. Creusere's opinion as to how a specific piece of evidence corroborates the inventor's testimony, that is best left to "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . ." *Daubert,* 509 U.S. at 596.

The Court also finds unpersuasive PNC's argument that documents that originate from an inventor cannot be relied upon to corroborate a inventor's testimony regarding conception. The fact that a document originated from Mr. Prasad does not automatically mean the document is irrelevant, or legally insufficient. *DuPont*, 921 F.3d at 1077 ("our case law does not require that evidence have a source independent of the inventors on every aspect of conception and reduction to practice; 'such a standard is the antithesis of the rule of reason.'") (quoting *Cooper v. Goldfarb*, 154 F.3d 1321, 1331 (Fed. Cir. 1998)). In fact, the Federal Circuit has considered documents from an inventor when determining whether the conception date was sufficiently corroborated under the rule of reason. *See, e.g.*, *DuPont*, 921 F.3d at 1076-78; *Fleming v. Escort Inc.*, 774 F.3d 1371, 1377 (Fed. Cir. 2014). Thus, the Court denies the motion to strike as to the Auto-Capture Patents.

### B.  MRDC PATENTS

In addition to the Dr. Creusere's opinions regarding the Auto-Capture Patents, PNC seeks to strike Dr. Creusere's opinion that the MRDC Patents were conceived by June 2005. Dkt. No.

325-2 at ¶¶ 73-86. PNC attacks Dr. Creusere's opinions on two grounds: first, PNC argues that the evidence cited by Dr. Creusere does not demonstrate that the inventors conceived all of the limitations of the claimed invention by June 2005, specifically that a mobile phone could be the claimed mobile device or that the invention provides instructions to the user of a digital camera. Dkt. No. 325 at 6-8. Second, PNC argues that, even if Dr. Creusere's opinions support the conclusion that the inventors conceived all the claim limitations by June 2005, Dr. Creusere's opinions regarding corroboration of the inventors' testimony are legally deficient. *Id.* at 8-11.

In response to PNC's first argument, USAA argues that PNC ignores the claim construction, which did not limit "mobile device" to a mobile phone, and even if that is part of the construction, Dr. Creusere cites evidence that supports the conclusion that the inventors conceived of a mobile phone being the claimed mobile device by June 2005. Dkt. No. 383 at 9-11. Additionally, USAA cites portions of the inventor's testimony where he specifically discusses providing instructions to the user. *Id.* at 12 (citing Dkt. No. 383-3 at 25:15-26:12).

As to the second argument, USAA points to the additional testimony and documents Dr. Creusere considered as corroboration of the inventor's testimony regarding conception. *Id.* at 13-15. Specifically, Dr. Creusere relies on the testimony of Mr. Morris, a co-inventor of one of the patents who is no longer employed by USAA, and emails from Mr. Morris that contain links to "TWAIN[1] drivers" and the JTwain Developer's Guide. *Id.* at 13-14.

The Court finds that Dr. Creusere's opinions regarding conception and corroboration are not "legally deficient" and therefore admissible under Rule 702. As to conception, Dr. Creusere relied on Mr. Prasad's testimony explaining that the inventors conceived of using mobile phones

---

[1] "TWAIN defines a standard software protocol and API (application programming interface) for communication between software applications and image acquisition devices (the source of the data)." Dkt. No. 325-2 at ¶ 80 (citing https://twain.org/about; TWAIN 1.9, at 1-2).

as the digital camera and discussed providing instructions to the user of the digital camera by June 2005. Dkt. No. 325-2 at ¶¶ 73-76 Dr. Creusere then went on corroborate Mr. Prasad's testimony using Mr. Morris's testimony and the documents Mr. Morris sent regarding the TWAIN standard around the time of conception.[2] For example, Dr. Creusere opined that, because the TWAIN standard can be used for various image acquisition devices, including a camera, Mr. Prasad's testimony that he conceived of a camera is more credible. Dkt. No. 325-2 at ¶ 80. The Court provides no opinion as to whether Dr. Creusere is correct; however, the Court finds Dr. Creusere's opinions as to the conception date and corroboration of that conception date of the MRDC Patents are relevant and sufficiently reliable and therefore admissible under Rule 702.

## IV. CONCLUSION

In sum, Dr. Creusere considered relevant evidence and opined on how that evidence supports a finding of a conception date around June 2005 for the MRDC Patents and July 1, 2008 for the Auto-Capture Patents. Although PNC disagrees with Dr. Creusere's opinions, this is not a reason to strike his opinions. Therefore, the Court **DENIES** the motion to strike.

**SIGNED this 19th day of April, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Mr. Morris is a co-inventor, the Federal Circuit has held "that corroboration is required only when the testifying inventor is asserting a claim of derivation or priority of his or her invention and *is a named party, an employee of or assignor to a named party, or otherwise is in a position where he or she stands to directly and substantially gain* by his or her invention being found to have priority over the patent claims at issue." *Thomson, S.A. v. Quixote Corp.*, 166 F.3d 1172, 1176 (Fed. Cir. 1999).