IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>*Plaintiff,*<br><br>v.<br><br>PNC BANK N.A.,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§ Case No. 2:20-cv-00319-JRG-RSP<br>§ (LEAD CASE)<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION

Before the Court are the

- Motion for Partial Summary Judgment of No Willful Infringement Prior to November 2019 filed by Defendant PNC Bank N.A. **Dkt. No. 312**. The motion should be **DENIED**.

- Motion for Summary Judgment Regarding PNC's Affirmative Defense of Unclean Hands filed by Plaintiff United Services Automobile Association ("USAA"). **Dkt. No. 321**. The motion should be **DENIED**.

- Motion for Partial Summary Judgment That the USPTO Allowed the '605 and '681 Patents to Claim a Priority Date of October 31, 2006 filed by USAA. **Dkt. No. 328**. The motion should be **DENIED AS MOOT**.

I.  BACKGROUND

Plaintiff United Services Automobile Association ("USAA") alleges that PNC infringes six patents: U.S. Patent Nos. 10,482,432 ("'432 Patent"), 10,621,559 ("'559 Patent"), 10,013,681 ("'681 Patent"), 10,013,605 ("'605 Patent"), 8,977,571 ("'571 Patent"), and 8,699,779 ("'779

1

Patent") (the "Asserted Patents"). The Asserted Patents generally relate to mobile check deposit technology.

## II. LEGAL STANDARD

Summary judgment should be granted if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "material fact" is one that "might affect the outcome" of the case, and a dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. Any evidence must be viewed in the light most favorable to the nonmovant. *See id.* at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)). "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-cv-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## III. ANALYSIS

**A.** Motion for Partial Summary Judgment of No Willful Infringement Prior to November 2019 filed by Defendant PNC Bank N.A.

PNC asserts in this motion that there is no summary judgment evidence that it had any knowledge of the asserted patents before November 2019 and thus could not have willfully infringed the patents before that date. PNC's argument is essentially that none of the evidence

USAA has presented is sufficient to establish knowledge of the specific asserted patents. However, that fact can be established by circumstantial evidence, which USAA has in abundance.

As pointed out in USAA's opposition to the motion, PNC witnesses have admitted to monitoring the mobile remote deposit capture (MRDC) technology for a decade. As PNC notes, there is nothing sinister about this fact but it does make it more likely that knowledge of the patents would be gained by the other actions described. USAA marked its mobile applications in 2016 with the '571 and '779 Patents, and in 2018 with the '605 and '681 Patents. The jury could conclude that the monitoring of the app lead to discovery of the patents. PNC's employees also testified that the were aware that USAA claimed to have MRDC patents in 2017. PNC employees discussed infringement indemnity for USAA patents with NCR in 2017, which was providing related technology to PNC. PNC employees also testified of learning in 2018 of USAA's patent infringement lawsuit against Wells Fargo on the MRDC technology.

USAA has adduced sufficient summary judgment evidence to establish a genuine dispute of fact as to PNC's knowledge of the asserted patents before 2019. Accordingly, the motion should be denied.

> **B.** Motion for Summary Judgment Regarding PNC's Affirmative Defense of Unclean Hands filed by Plaintiff USAA

USAA's motion ultimately fails because it does not establish that the only basis for PNC's unclean hands defense is the same issue as was presented in the motion for sanctions heard on November 23, 2021 (Dkt. No. 321-3). To the extent that PNC is relying on that conduct to support its defense, it can expect that the Court will view it in the same light as the Court did on November 23. However, the Court was careful on that date to note that discovery had not yet closed and that PNC might still develop additional evidence.

The record is imply insufficiently clear to establish that there are no genuine disputes of fact concerning this issue and that USAA is entitled to summary judgment. Accordingly, the motion should be denied.

    **C.** Motion for Partial Summary Judgment That the USPTO Allowed the '605 and '681 Patents to Claim a Priority Date of October 31, 2006 filed by USAA

In granting MIL No. 15 (Dkt. No. 579 at 5), the Court ruled that "PNC is precluded from disputing that the USPTO allowed the '605 and '681 Patents to claim a priority date of October 31, 2006. However, this ruling does not preclude PNC from contending that the '605 and '681 Patents are for other reasons not entitled to that priority date and are therefore invalid." That ruling disposes of the only issues raised in this motion for summary judgment. Accordingly, the motion should be denied as moot.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than May 5, 2022** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

    **SIGNED this 29th day of April, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE
