IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br> *Plaintiff,* <br> v. <br><br> PNC BANK N.A., <br><br> *Defendant.* | § § § § § § § § § § § § Case No. 2:20-cv-00319-JRG-RSP (LEAD CASE) |

# **REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment of Lack of Enablement Under 35 U.S.C. § 112(1) filed by Defendant PNC Bank N.A. (Dkt. No. **318**). For the reasons that follow, the motion should be **DENIED**.

Plaintiff United Services Automobile Association ("USAA") alleges that PNC infringes six patents: U.S. Patent Nos. 10,482,432 ("'432 Patent"), 10,621,559 ("'559 Patent"), 10,013,681 ("'681 Patent"), 10,013,605 ("'605 Patent"), 8,977,571 ("'571 Patent"), and 8,699,779 ("'779 Patent") (the "Asserted Patents"). The Asserted Patents generally relate to mobile check deposit technology. In this motion, PNC argues that all of the asserted patents are invalid for lack of enablement and that under the undisputed facts of the case it is entitled to dismissal of all claims.

Summary judgment should be granted if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "material fact" is one that "might affect the outcome" of the case, and a dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. Any evidence must be viewed in the light

1

most favorable to the nonmovant. *See id.* at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)). "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-cv-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

In addition to the ordinary burden on a summary judgment movant, PNC here bears an additional burden since it must show its entitlement to judgment by clear and convincing evidence. *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330 (Fed. Cir. 2013). To be enabling, a patent specification "must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *Trs. of Boston Univ. v. Everlight Elecs. Co*., 896 F.3d 1357, 1362 (Fed. Cir. 2018). Enablement is determined by analysis of all the underlying facts, including: "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." *In re Wands*, 858 F.2d 731, 735, 737 (Fed. Cir. 1988).

A simple reading of the briefs belies the argument that there are no genuine disputes of fact as to enablement. In fact, PNC's own technical expert, Dr. Bovik, testified in deposition that he was a person of ordinary skill in mobile remote deposit capture (MRDC) technology and that he "wouldn't have any problem implementing this claim" referring to the '681, '559, '432, and '571

Patents at least.  Dkt. No. 387 at 9-10.  Naturally, USAA's expert, Dr. Creusere also testified that the claims were enabled.  Dkt. No. 387-4.

Much of PNC's briefing is devoted in the lengthy delays between the patent applications and the development of successful commercial implementation.  While this is relevant evidence, it is by no means dispositive.  The standard for enablement is very different from the level of detail necessary for development of a commercially successful product.  *CMFT Inv. v. YieldUp Int'l Corp.*, 349 F.3d 1333, 1338–39 (Fed. Cir. 2003).

PNC does not come close to establishing that there are no genuine disputes of fact and that the clear and convincing evidence shows that all of the asserted patents are invalid for lack of enablement.  Accordingly, the motion should be denied.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than May 5, 2022** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of April, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE