IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>PNC BANK N.A.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§ Case No. 2:20-cv-00319-JRG-RSP<br>§ (LEAD CASE)<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment That Deposit@Mobile Practices the '571, '605, and '681 Patents (Dkt. No. **327**) filed by Plaintiff. For the reasons that follow, the motion should be **DENIED**.

Plaintiff United Services Automobile Association ("USAA") alleges that PNC infringes six patents: U.S. Patent Nos. 10,482,432 ("'432 Patent"), 10,621,559 ("'559 Patent"), 10,013,681 ("'681 Patent"), 10,013,605 ("'605 Patent"), 8,977,571 ("'571 Patent"), and 8,699,779 ("'779 Patent") (the "Asserted Patents"). The Asserted Patents generally relate to mobile check deposit technology. In this motion, USAA seeks summary judgment that its product, Deposit@Mobile, practices at least three of its asserted patents, to facilitate its argument that the commercial success of its product is a secondary consideration of the non-obviousness of those three patents.

Summary judgment should be granted if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "material fact" is one that "might affect the outcome" of the case, and a dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict

1

for the nonmoving party." *Anderson,* 477 U.S. at 248. Any evidence must be viewed in the light most favorable to the nonmovant. *See id.* at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)). "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-cv-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

USAA relies heavily on the fact that the Court granted summary judgment in the previous Wells Fargo case that the Deposit@Mobile product did practice one of the three patents at issue here. However, as both parties agree, the Court expressly relied on the fact that Wells Fargo did not dispute that fact in that case. Here, PNC does dispute the claim that the product practices the three patents at issue. In fact, PNC has presented a declaration from its technical expert, Dr. Bovik, expressing his opinion that the product does not practice all limitations of the claims of the three asserted patents. Dkt. No. 375-2. USAA's primary response to the Bovik declaration is the argument that it is too late to offer such opinions because they were not included in his earlier report. However, Dr. Bovik was not required to anticipate an opinion on which USAA had the burden of proof but waited to offer an opinion until a rebuttal expert report.

Accordingly, the Court finds that there is a genuine dispute as to material facts and that the movant is not entitled to summary judgment on this issue.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than May 5, 2022** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except

on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 1st day of May, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE