**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> PNC BANK, N.A., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 2:20-cv-00319-JRG (LEAD CASE) <br><br> Civil Action No. 2:21-cv-00110-JRG |

**DEFENDANT PNC BANK, N.A.'S RESPONSE TO PLAINTIFF USAA'S MOTION TO QUASH TRIAL SUBPOENA TO NON-PARTY MICHAEL MORRIS**

Defendant PNC Bank, N.A. respectfully opposes the motion to quash the trial subpoena to Mr. Michael Morris. USAA repeatedly represented to the Court and PNC that it would make Mr. Morris available, yet after PNC designated him as a trial witness, USAA announced that he would not appear voluntarily as promised. USAA now insists that its representations were hedged and did not apply to the rescheduled trial date. USAA's motion should be denied, and Mr. Morris should appear for trial, as USAA said he would.

At the Pretrial Conference, PNC attempted to raise the issue of Mr. Morris's trial subpoena and was interrupted by USAA's counsel, who represented that Mr. Morris's trial subpoena was a non-issue and that USAA would make Mr. Morris available for trial on "[w]hatever day you want them there." April 13, 2022 Pretrial Conf. Tr. at 6-8. Based on Mr. Sheasby's representation, the Pretrial Conference moved on. The full dialogue with Judge Payne is as follows:

> MR. GORHAM: Your Honor, we issued two trial subpoenas -- actually three trial subpoenas, but two are issued currently for witnesses that we believe to be associated with USAA. The names of these individuals are -- let me check my notes one moment.
>
> MR. SHEASBY: I can speed this up if it helps Mr. Gorham.
>
> MR. GORHAM: Thank you.
>
> MR. SHEASBY: Mr. Gorham was speaking about Mr. Mike Morris and Mr. Bharat Prasad. We've indicated that both of them are available next week if PNC chooses to call them.
>
> THE COURT: *You are saying that they will come to the trial?*
>
> MR. SHEASBY: *Yes, sir. Yes, Your Honor.*
>
> THE COURT: All right.
>
> MR. GORHAM: And just for clarification, Mr. Sheasby, they will be here the first day?
>
> MR. SHEASBY: *I believe your counsel wanted them there for the first day of your direct, in your case in chief. . . .*
>
> MR. SHEASBY: *Let me make it easy. Whatever day you want them there, we will make sure they are there.*

1

      MR. GORHAM: Okay, great. Thank you.

      THE COURT: All right. Then, Mr. Sheasby, are you returning to the exhibit issues?

      MR. SHEASBY: I am, Your Honor.

      THE COURT: All right.

April 13, 2022 Pretrial Conf. Tr. at 6-8. In addition, PNC contacted USAA prior to the Pretrial Conference to arrange "logistics of the appearance[] for trial" for the "the first day of our case in chief" and to inform USAA of his subpoena. April 13, 2022 Corr. from Smith to Bunt.

PNC took USAA at its word and affirmatively relied on USAA's consistent representations that Mr. Morris would appear for trial. In preparation for trial, PNC consistently[1] disclosed Mr. Morris as a witness, including on May 8, 2022 (Corr. from S. Petty to C. Bunt (May 8, 2022 at 6:28 PM)) for expected testimony on May 10, 2022.[2] But on May 9, 2022, USAA informed PNC for the first time that, in fact, it had no intention of producing Mr. Morris for trial voluntarily. On May 10, 2022, PNC immediately served a subpoena on Mr. Morris in an abundance of caution. Pl.'s Mot. at 1.

There is no basis for quashing the subpoena at this point, particularly given USAA's statement that Mr. Morris has arrived in Marshall and is prepared to appear. 5/10/2022 Tr. 575:19-22. USAA's cited cases all arise in different contexts, such as when there was no prior notice at all, and certainly no affirmative representation that the witness would appear "[w]hatever day you

---

[1] PNC has consistently included Mr. Morris on its witness list disclosed to USAA (*see, e.g.*, Corr. from R. Rowley to L. Glasser (May 5, 2022 at 9:16 AM); Corr. from R. Rice to L. Glasser (May 1, 2022 at 5:03 PM); Corr. from R. Rice to L. Glasser (Apr. 14, 2022 at 9:16 AM); Corr. from V. Ling to USAA Counsel Distribution List (Apr. 13, 2022 at 7:00 PM)), giving the lie to USAA's claim that "both USAA and Mr. Morris understood that PNC no longer intended to call him." Pl.'s Mot. at 4.

[2] Although the May 8 email was sent to USAA's local counsel Mr. Bunt, it was inadvertently not sent to the Irell & Manella firm.

want them there." *See* Pl.'s Mot. at 2 (citing *Texas Entertainment Assoc., Inc. v. Hegar*, 2019 WL 13080576 (W.D. Tex. Oct. 18, 2019) (quashing subpoena due to application of the *Morgan* doctrine and lack of "exceptional circumstance"); *UnitedHealthCare Services, Inc. v. NextHealth, Inc.*, 2021 WL 4734503, at *1 (N.D. Tex. Sep. 29, 2021) (finding "[t]hree days is not a reasonable time for United to determine the appropriate representative to testify, prepare him or her to testify, and actually get him or her to the upcoming hearing."); *Traut v. Quantum Servicing, LLC*, 2018 WL 1035134, at *9 (N.D. Tex. Feb. 23, 2018) (no motion to quash filed); *Tucker v. Tangipahoa Parish School Bd.*, 2007 WL 1989913, at *2 (granting motion to quash due to "several defects" relating to improper service of subpoena).

      PNC should not have needed to issue a new subpoena to hold USAA to its commitments, but now that the subpoena has issued, there is no basis for quashing it. And as the Court well knows, presenting a witness by deposition is not as effective as live testimony. *See, e.g.*, Wright & Miller, Federal Practice and Procedure, Civil: § 2142 General Principles Relating to the Use of a Deposition, 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.) ("[T]estimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person. The court may be presented with disputes, for example, on whether the witness is more than 100 miles from the place of trial. Indeed, Rule 32(a)(4)(E) refers directly to 'the importance of live testimony in open court.' Although the increasing availability and fidelity of videotaped depositions has provided a better alternative than reading a written transcription, the preference for live testimony is still endorsed by the federal courts."); *see also Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (Friendly, J.) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."). Indeed, it was precisely for that reason that PNC originally discussed, before Judge Payne, serving

3

a trial subpoena, a discussion that USAA cut short by its affirmative representation to bring Mr. Morris to Court when requested—a representation it should not now be allowed to withdraw on the basis that it was silently limited to a particular trial date.

    For the foregoing reasons, the motion to quash the subpoena should be denied.

                                Respectfully submitted,

Dated:  May 11, 2022

                                /s/ Gregory H. Lantier
                                Gregory H. Lantier
                                R. Gregory Israelsen (*pro hac vice*)
                                WILMER CUTLER PICKERING HALE AND
                                    DORR LLP
                                1875 Pennsylvania Avenue, NW
                                Washington, DC 20006
                                (202) 663-6000
                                gregory.lantier@wilmerhale.com
                                greg.israelsen@wilmerhale.com

                                Melissa R. Smith
                                Texas State Bar No. 24001351
                                GILLAM & SMITH LLP
                                303 S. Washington Ave.
                                Marshall, TX 75670
                                (903) 934-8450
                                melissa@gillamsmithlaw.com

                                Andrew J. Danford (*pro hac vice*)
                                Jeannette P. Leopold (*pro hac vice*)
                                WILMER CUTLER PICKERING HALE AND
                                  DORR LLP
                                60 State Street
                                Boston, MA 02109
                                (617) 526-6000
                                andrew.danford@wilmerhale.com
                                jeannette.leopold@wilmerhale.com

                                Derek Gosma (*pro hac vice*)
                                WILMER CUTLER PICKERING HALE AND
                                  DORR LLP

350 South Grand Ave., Suite 2100
Los Angeles, CA 90071
(213) 443-5308
derek.gosma@wilmerhale.com

Gregory P. Stone (*pro hac vice*)
Adam R. Lawton (*pro hac vice*)
Sarah S. Lee (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
(213) 683-9100
gregory.stone@mto.com
adam.lawton@mto.com
sarah.lee@mto.com

Blanca F. Young (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
(415) 512-4000
blanca.young@mto.com

*Attorneys for Defendant PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record was served with a true and correct copy of the foregoing document by electronic mail on May 11, 2022.

                */s/ Gregory H. Lantier*
                Gregory H. Lantier