## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, § § § § *Plaintiff*, § § v. § § PNC BANK N.A., § § *Defendant*. § | § § § § § § § § CIV. A. NOS. 2:20-CV-00319-JRG (LEAD) § 2:21-CV-00110-JRG § § § § |

## FINAL JUDGMENT

A jury trial commenced in the above-captioned case on May 9, 2022, and on May 13, 2022, the jury reached and returned its unanimous verdict finding that Defendant PNC Bank, N.A. ("PNC") infringed at least one of Claims 1, 3, 5, and 21 of the '432 Patent; Claims 12, 13, 22, 26, and 30 of the '681 Patent; Claims 12, 13 and 22 of the '605 Patent; and Claims 1, 2, 9, 12, and 13 of the '571 Patent (the "Asserted Claims"); that such infringement was willful; that none of the Asserted Claims were invalid; and that Plaintiff United Services Automobile Association ("USAA") is owed a reasonable royalty of $218,450,000.00 for PNC's infringement. (Dkt. No. 710).

After the trial, the parties agreed to forego a bench trial on PNC's asserted equitable defenses. The parties agreed that said defenses should be resolved by the Court on the papers in order to facilitate the Court's resolution thereof before trial begins in Case No. 2:21-cv-246 between these parties. On August 19, 2022, the Court issued Findings of Fact and Conclusions of Law, wherein the Court held that PNC failed to show that the equitable defenses of prosecution history estoppel and unclean hands should displace the jury's verdict in this case. (Dkt. No. 744)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. PNC has infringed at least one of the Asserted Claims;

2. The Asserted Claims are not invalid;

3. PNC's infringement was willful;

4. USAA is hereby awarded damages from and against PNC and shall accordingly have and recover from PNC the sum of $218,450,000.00 U.S. Dollars as a reasonable royalty for PNC's infringement;

5. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the added material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[1] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

6. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards to USAA from PNC pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate,

---

[1] *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1934 (2016).
[2] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

      compounded quarterly, from the date of infringement through the date of entry of this Judgment;[3] and

7. Pursuant to 28 U.S.C. § 1961, the Court awards to USAA from PNC post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

8. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, USAA is the prevailing party in this case and shall recover its costs from PNC. USAA is directed to file its proposed Bill of Costs.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 19th day of August, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).